David DEMSHKI, Plaintiff–Appellee,

v.

Richard MONTEITH; Anthony Whitehurst; Steven Sloan; Heidi Arno; Monteith For Senator Committee, Defendants,

and

California Senate Rules Committee, Defendant–Appellant.

No. 00–15599.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001*

Filed July 2, 2001

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

R.App. P. 34(a).

John D. Adkisson, Sue Ann Van Dermyden, Charles W. Nugent III, Bridgett, Marcus, Vlahos & Rudy LLP, Sacramento, California, for the defendant-appellant.

Leonard Esquina, Jr., Law Office of Leonard Esquina, Jr., Sacramento, California, for the plaintiff-appellee.

Before: NOONAN, SILVERMAN, CIRCUIT JUDGES, and SEDWICK,** District Judge.

SILVERMAN, Circuit Judge:

The Supreme Court has held that the Eleventh Amendment to the Constitution grants the states immunity from suit, in federal court, by private individuals seeking money damages for violations of the Americans with Disabilities Act. Because the district court should have dismissed this federal lawsuit against the California Senate Rules Committee when the Committee asserted its Eleventh Amendment immunity, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

David Demshki is a political consultant. Demshki joined Richard Monteith's campaign for the California Senate with the hope of obtaining a permanent legislative position. Upon Senator Monteith's victory, Demshki accepted a position with the California Senate Rules Committee.

A few days after he joined the Committee, Demshki learned that a fellow campaign worker, who has a speech impediment, would not be hired by the Committee. Demshki met with Senator Monteith and voiced his concern that "the way [the campaign worker with the speech impediment] had been treated violated disability law." At Senator Monteith's directive, Demshki was fired the next day.

Demshki filed suit in federal court against the Senate Rules Committee, Senator Monteith and others alleging breach of contract, tortious discharge, intentional infliction of emotional distress, statutory

** The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

and common law misrepresentation, and retaliation in violation of Title V of the ADA. In its answer, the Committee asserted various defenses, including Eleventh Amendment immunity.

The Committee then moved for summary judgment on all claims. The district court granted the Committee's motion with respect to the contract and tort claims but denied summary judgment on the ADA claim. Thereafter, the Committee filed a motion for reconsideration, renewing its contention that it was immune under the Eleventh Amendment. The district court disagreed and denied the motion. The Committee appealed.

We granted the Committee's request to stay the appeal pending the Supreme Court's decision in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), which has now been decided.

## II. JURISDICTION AND STANDARD OF REVIEW

■ Generally, a litigant may not appeal an interlocutory order denying summary judgment. 28 U.S.C. § 1291. However, we will entertain an appeal from an interlocutory order that 1) conclusively determines the issue in the trial court, 2) resolves an important question independent of the subject matter of the litigation, and 3) is effectively unreviewable on appeal from a final judgment. *Armendariz v. Penman*, 75 F.3d 1311, 1316 (9th Cir.1996) (en banc) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

■ We apply this narrow exception to the final judgment rule in this case "because the central benefit of [Eleventh Amendment] immunity, the right not to stand trial in the first instance, is effectively lost if [the] case is erroneously permitted to proceed to trial." *Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1183

n. 2 (9th Cir.1997). We review de novo the district court's order denying the California Senate Rules Committee immunity under the Eleventh Amendment. *California v. Campbell*, 138 F.3d 784, 786 (9th Cir. 1998).

## III. ANALYSIS

■ The Supreme Court held in *Garrett* that states enjoy Eleventh Amendment immunity from suits brought in federal court by private individuals seeking money damages under Title I of the ADA. 121 S.Ct. at 967–68. Noting that his retaliation claim arises under Title V rather than Title I of the ADA, Demshki argues that *Garrett* should not be read to bar his suit against the Senate Rules Committee. We disagree.

In *Garrett*, the Supreme Court considered whether Congress exceeded its authority under Section 5 of the Fourteenth Amendment by attempting to abrogate the states' Eleventh Amendment immunity under the ADA. *Id.* at 966. The Court explained that Congress's Section 5 power "is appropriately exercised only in response to state transgressions." *Id.* at 964. In reviewing the ADA's legislative findings, the Court found that Congress "simply fail[ed] to show ... a pattern of irrational state discrimination in employment against the disabled." *Id.* at 965. Therefore, the Court held that Congress's purported abrogation of states' Eleventh Amendment immunity ran afoul of its Section 5 powers. *Id.* at 967–68.

We recognize that *Garrett* arose in the context of Title I, but we nevertheless conclude that the Court's holding necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I. Title V prohibits discrimination against an employee who opposes an "act or practice made unlawful" by the substan-

tive provisions of the ADA. 42 U.S.C. § 12203. There is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled. Absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims. *See Garrett,* 121 S.Ct. at 967–68. Accordingly, we hold that the California Senate Rules Committee enjoys immunity from Demshki's Title V suit.

■ Demshki argues in the alternative that the State of California has waived its Eleventh Amendment immunity by virtue of a provision of its own state Constitution—Article III, Section 5—which provides that "[s]uits may be brought against the State in such manner and in such courts as shall be directed by law." We reject this argument.

■ The Supreme Court has long recognized that a state's sovereign immunity is "a personal privilege which it may waive at its pleasure." *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883). Federal courts find a waiver if the state makes a "clear declaration that it intends to submit itself to [federal] jurisdiction." *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 675, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999). Statutes or constitutional provisions expressing a general waiver of sovereign immunity, without expressly subjecting the state to suit in *federal* court, do not waive Eleventh Amendment immunity. *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Because Article III, Section 5 of the California Constitution does not "specifically indicate [California's] willingness to be sued in federal court", *id.* at 237, 105 S.Ct. 3142, it does not constitute a waiver of the state's Eleventh Amendment immunity.

■ Demshki also argues that the Committee waived its Eleventh Amendment immunity by defending the case on the merits and by supposedly failing to raise immunity in a timely manner. This contention is without merit.

■ A state waives its Eleventh Amendment immunity whenever it voluntarily invokes federal jurisdiction. *College Savings Bank,* 527 U.S. at 675–76, 119 S.Ct. 2219. However, a state does not waive Eleventh Amendment immunity merely by defending in federal court. Instead, waiver turns on the state's failure to raise immunity during the litigation.

We previously have held that Eleventh Amendment immunity is an affirmative defense, *ITSI TV Productions, Inc. v. Agricultural Associations,* 3 F.3d 1289, 1291 (9th Cir.1993), that must be raised "early in the proceedings" to provide "fair warning" to the plaintiff. *Hill v. Blind Indus. & Servs. of Md.,* 179 F.3d 754, 761 (9th Cir.1999), amended by 201 F.3d 1186 (9th Cir.2000). In this case, the California Senate Rules Committee raised Eleventh Amendment immunity as an affirmative defense in its answer. Having timely provided Demshki with fair notice, the Committee was free to assert its immunity in district court and on appeal.

## IV. CONCLUSION

The judgment of the district court is **REVERSED and REMANDED.** On remand, the district court is directed to issue an order dismissing without prejudice Demshki's Title V claim against the California Senate Rules Committee. In so holding, we express no opinion on whether Demshki may pursue his Title V claim in state court.