**Hermond Dean COOPER,
Plaintiff—Appellant,**

v.

**PASADENA UNIFIED SCHOOL
DISTRICT, Defendant—
Appellee.**

**No. 01–56378.
D.C. No. CV 99–07902 CM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Dec. 3, 2002.

Before PREGERSON, NOONAN, and TASHIMA, Circuit Judges.

## MEMORANDUM*

Hermond Dean Cooper appeals the judgment of the district court dismissing his case following the court's grant of sum-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mary judgment in favor of defendant, the Pasadena Unified School District ("PUSD"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part and affirm in part.

■ We reverse the district court's dismissal of Cooper's claims brought under § 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794.[1] PUSD's argument that Cooper did not include RA claims in his third amended complaint is disingenuous. Cooper clearly incorporated paragraph twenty in his third and fourth causes of action, and paragraph twenty, in turn, incorporates paragraphs one through nineteen. Paragraph two invokes the jurisdiction of the district court under the RA. Moreover, as a pro se plaintiff, Cooper is to be afforded the benefit of any doubt. *Morrison v. Hall,* 261 F.3d 896, 899 n. 2 (9th Cir.2001). The complaint is sufficient to put PUSD on notice that Cooper was making claims under the RA. *See id.* Because California has waived its sovereign immunity under the RA by accepting federal RA funds, *Douglas v. Cal. Dep't of Youth Auth.,* 271 F.3d 812, 820 (9th Cir. 2001), *amended by* 271 F.3d 910 (9th Cir. 2001), *cert. denied,* — U.S. —, 122 S.Ct. 2591, 153 L.Ed.2d 780 (2002), the dismissal of Cooper's RA claims on sovereign immunity grounds was erroneous.

■ We also reverse the district court's dismissal of Cooper's claims brought pursuant to Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, on the basis that PUSD waived its sovereign immunity defense by raising the defense late in the case. *See Demshki v. Monteith,* 255 F.3d 986, 989 (9th Cir. 2001) ("Eleventh Amendment immunity is an affirmative defense that must be raised 'early in the proceedings' to provide 'fair warning' to the plaintiff.") (citation omitted) (quoting *Hill v. Blind Indus. & Servs.,* 179 F.3d 754, 761 (9th Cir.1999), *amended by* 201 F.3d 1186 (9th Cir.2000)); *Hill,* 179 F.3d at 756–58 (finding that the state waived the Eleventh Amendment immunity defense by raising the defense so late in the case); *cf.* Fed.R.Civ.P. 8(c) (requiring affirmative defenses to be raised in the answer to the complaint).

We affirm the district court's dismissal of Cooper's claims brought pursuant to 42 U.S.C. § 1981 as barred by the statute of limitations. On appeal, Cooper raises for the first time the argument that the district court improperly narrowed his § 1981 claim to an allegation of wrongful termination. We decline to address this issue. *See El Paso v. Am. W. Airlines (In re Am. W. Airlines, Inc.),* 217 F.3d 1161, 1165 (9th Cir.2000) (stating that we generally will not consider arguments raised for the first time on appeal, absent exceptional circumstances).

Finally, we affirm the dismissal of Cooper's claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1062–63, 1068 (9th Cir.2002) (affirming the district court's grant of summary judgment, stating that, even if the plaintiff made a prima facie case, she had not demonstrated that her employer's explanations for her termination were pretextual).

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **REVERSED** and **REMANDED** in part for further proceedings consistent with this disposition.

---

1. Because the parties are familiar with the facts, we do not recite them here, except as necessary to aid in understanding this disposition.