Karim **SHABAZZ,** Plaintiff,

v.

The **TEXAS YOUTH COMMISSION,**
**Steve Robinson, Cynthia Grace, and**
**Emily Helms, Defendants.**

No. Civ.A. 3:02–CV–2699–M.

United States District Court,
N.D. Texas,
Dallas Division.

Sept. 30, 2003.

---

Karim Shabazz, Lewisville, TX, pro se.

Daniel C. Perkins, Attorney General of Texas—Austin, Austin, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER

LYNN, District Judge.

Before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss, filed on February 27, 2003. Plaintiff did not file a response to Defendants' Motion. Upon review of the pleadings, brief, and applicable law, the Court is of the opinion, for the reasons stated below, that Defendants' Rule 12(b)(6) Motion to Dismiss should be GRANTED.

### BACKGROUND

Plaintiff sues the Texas Youth Commission ("TYC"), which allegedly employed Plaintiff from 1979–1985, and three employees of TYC, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e–17 (2003), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101–12213 (2003). According to the Complaint, TYC terminated his employment in January 1985 under the pretext that he failed to report the suspected mistreatment of a child. Following his termination, Plaintiff obtained employment as an organizer with Communications Workers of America / Texas State Employees Union ("CWA/TSEU"). As part of his duties at CWA/TSEU, Plaintiff worked at various TYC correctional facilities. Plaintiff held this position from 1985 until December 2000. According to Plaintiff, as an organizer with CWA/TSEU, he "encouraged TYC employees to engage in converted [sic] activity to oppose racial and age discrimination practices, which included gathering evidence of retaliation and discriminatory practices within TYC." Compl. ¶ 6. In addition, in 1993, Plaintiff allegedly tried to initiate a disciplinary action against a CWA/TSEU member employed at a TYC juvenile corrections facility, for verbal and physical abuse against students. Plaintiff contends that when he sought a "disciplinary action list" from TYC to assist him in his investigation of abuses by TYC staff, Defendant Emily Helm,[1] a TYC staff attorney, refused to furnish a complete list. Plaintiff states that he later reported incidents of racial discrimination and abuse at a TYC facility to the TYC Executive Board. Plaintiff also claims that he filed an Open Records

---

1. In his Complaint, Plaintiff refers to Emily Helm as "Emily Helms." Defendants' papers confirm that her last name is "Helm."

Request with TYC in an effort to gather information to prepare for an Equal Employment Opportunity Commission hearing on behalf of a recently terminated TYC employee. Plaintiff alleges TYC denied his request. Furthermore, Plaintiff states that he filed a complaint with the Governor, alleging racial discrimination against African–American employees and other union members at a TYC facility. Plaintiff alleges that the Governor initiated an investigation of the facility, based upon Plaintiff's complaint.

Plaintiff alleges that his encouragement of opposition activities by TYC employees and his actions on behalf of TYC employees concerned and angered TYC. As a result, Plaintiff maintains that TYC filed complaints with his employer, CWA/TSEU. On January 25, 1999, Plaintiff was relieved of his duties at the TYC Crockett State School facility by CWA/TSEU, and on November 5, 2000, CWA/TSEU informed Plaintiff by letter that he was being terminated, effective December 30, 2000. In response to his termination, on December 17, 2002, Plaintiff filed suit against CWA/TSEU and various CWA/TSEU employees, alleging violations of Title VII and 42 U.S.C. § 1983. *See Shabazz v. Communication Workers of Am. / Texas State Employees Union,* Civ. Action No. 3:02–CV–2698–M.

Plaintiff alleges that TYC and Defendants Robinson, Helm, and Grace violated Title VII and the ADA by engaging in discriminatory and coercive activity and by retaliating against Plaintiff for reporting and opposing discrimination. Compl. ¶ 34. Defendants assert that even if Plaintiff's allegations are true, they are insufficient to support a claim under Title VII or the ADA.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim that would entitle him to relief. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir.2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.,* 131 F.3d 558, 561 (5th Cir.1998)). When considering a motion to dismiss, the Court accepts as true all well-pled allegations in the Complaint and views them in the light most favorable to the plaintiff. *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). In addition, Complaints filed by pro se litigants are held to less stringent standards than are formal pleadings drafted by attorneys. *Taylor,* 296 F.3d at 378. However, regardless of whether a plaintiff is represented by counsel, conclusory allegations or legal conclusions set forth as factual conclusions will not prevent dismissal. *Id.; Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

## ANALYSIS

### I.  *Plaintiff's Title VII Claims*

**A.  Has the Plaintiff Failed to Exhaust His Administrative Remedies?**

A condition precedent to bringing a Title VII action in federal court is the exhaustion of available administrative remedies. *Taylor,* 296 F.3d at 378–79. Exhaustion occurs when an individual files a timely Charge of Discrimination with the EEOC and subsequently receives a statutory notice from the Commission of the right to sue. *Id.* at 379. The issuance of a right-to-sue notice confirms that all administrative remedies have been exhausted and that the alleged aggrieved party may initiate judicial proceedings. A civil action must be brought within ninety days of a party's receipt of a right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1) (2003); *see Berry v. CIGNA/RSI–CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992).

Defendants maintain that Plaintiff failed to exhaust his administrative remedies before commencing this action. In his Complaint, Plaintiff alleges that he exhausted his administrative remedies by filing a Charge with the EEOC. Compl. at 5. However, nowhere in the Complaint does Plaintiff allege that the EEOC issued a right-to-sue letter or that he ever received such a letter. Because Title VII expressly refers to a party's receipt of notice of the right-to-sue, Defendants contend that by omitting this fact, the Complaint fails to allege the exhaustion of Plaintiff's administrative remedies. The Court agrees with Defendants. Even if Plaintiff were able to prove all the facts alleged in the Complaint, they do not show that Plaintiff received a right-to-sue letter from the EEOC. As a result, Plaintiff has failed to allege sufficiently that he has exhausted all administrative remedies. Accordingly, Plaintiff cannot assert a Title VII claim based on the allegations included in the Complaint. Plaintiff's Title VII claim against Defendant TYC is therefore dismissed without prejudice.

### B. May the Individual Defendants Be Held Liable Under Title VII?

Plaintiff is precluded from bringing Title VII claims for discrimination and retaliation against Defendants Robinson, Helm, and Grace in their individual capacities.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b)

(2003). Despite the express reference to an employer's agents, the Fifth Circuit has held that Title VII does not impose individual liability. *Smith v. Amedisys, Inc.,* 298 F.3d 434, 449 (5th Cir.2002); *Indest v. Freeman Decorating, Inc.,* 164 F.3d 258, 262 (5th Cir.1999). Congress's purpose in including agents within the definition of employer was to incorporate *respondeat superior* liability into the statute. *Indest,* 164 F.3d at 262 (citing *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir.1994)); *Jackson v. Assocs. Credit Card Servs., Inc.,* 2002 WL 742602, at *2 (N.D.Tex. Apr.25, 2002). As a result, an individual may sue his employer for *respondeat superior* liability, but may not sue the agent for Title VII liability.

Robinson, Helm, and Grace therefore are not proper individual parties, and the claims against them are therefore dismissed with prejudice.

Neither may Plaintiff bring Title VII claims against Robinson, Helm, and Grace in their official capacities. In *Indest v. Freeman Decorating,* the Fifth Circuit recognized that if an individual was permitted to bring a Title VII action against an organization and an officer of that organization acting in his official capacity, the organization could potentially be held liable twice for the same act. 164 F.3d at 262. The court concluded, "[A] party may not maintain a suit against both an employer and its agent under Title VII." *Id.* at 262. Therefore, because Plaintiff is bringing a Title VII claim against TYC, he is prohibited from bringing a Title VII claim against Robinson, Helm, and Grace in their official capacities. Therefore, the Court dismisses with prejudice Plaintiff's claims against Robinson, Helm, and Grace in their official capacities.[2]

---

**2.** Defendants urge that Robinson, Helm, and Grace, who are all employees of TYC, are not and have never been Plaintiff's employer and

that they have never acted as agents of Plaintiff's employer. Because Robinson, Helm, and Grace cannot be held liable under Title

## II. *Plaintiff's ADA Claims*

### A. Plaintiff's ADA Claim Against TYC

Before discussing whether Plaintiff has alleged sufficient facts to sustain a claim under the ADA,[3] the Court must decide the jurisdictional issue of whether Plaintiff's claim is precluded by the Eleventh Amendment's sovereign immunity protections.

The Eleventh Amendment bars an individual from bringing suit in federal court against a state, unless the state consents, or Congress has clearly abrogated immunity pursuant to a validly exercised power. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002).[4] In *Board of Trustees v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the Supreme Court held that, in enacting the ADA, Congress did not abrogate the states' sovereign immunity. *Id.* at 365–74, 121 S.Ct. 955. Specifically, the Supreme Court considered whether Congress had exceeded its powers under Section 5 of the Fourteenth Amendment in attempting to abrogate the states' Eleventh Amendment immunity under the ADA. *Id.* at 360, 121 S.Ct. 955. In *City of Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997), the Court held that the appropriate inquiry for determining whether Section 5 conferred authority to Congress was to examine whether there was "congruence and proportionality between the injury to be prevented or remedied and the means adopted to that end." *Id.* at 519–20, 117 S.Ct. 2157. In *Garrett*, the Court did not find the requisite congruence and proportionality. 531 U.S. at 374–76, 121 S.Ct. 955. After reviewing the legislative history, the Court concluded that Congress had failed to identify a pattern of unconstitutional discrimination against the disabled by the states. *Id.* The Court held that since the remedies provided, including money damages, were disproportionate to the identified problem, Congress's attempted abrogation of state immunity exceeded its valid powers under Section 5. *Id.* at 374–76, 121 S.Ct. 955. Therefore, the states' sovereign immunity to claims under the ADA was preserved. *Id.*

*Garrett* arose in the specific context of Title I of the ADA. Therefore, TYC has Eleventh Amendment immunity from ADA discrimination suits. Accordingly, Plaintiff's Title I claim, if such is in fact asserted, is dismissed with prejudice.

The remaining claim is Plaintiff's Title V retaliation claim.[5] Courts in this

---

VII even if they were agents of Plaintiff's employer, these facts are irrelevant to the Court's analysis.

**3.** It is unclear from the Complaint whether Plaintiff is asserting a claim based on Title I, 42 U.S.C. § 12112(a) (2003), which prohibits discrimination, or Title V, § 12203(a), which prohibits retaliation. While the Complaint expressly alleges only retaliation, the facts as presented suggest a claim of discrimination. The Complaint states that Plaintiff informed his employer (notably CWA/TSEU, not TYC) that he would be "seeking protection under the American [sic] with Disabilities Act" after he was relieved of his duties at several TYC facilities, allegedly for health-related reasons. Compl. ¶ 22. That appears to constitute a Title I discrimination claim. Because of this lack of clarity, the Court analyzes Plaintiff's ADA claim as both a Title I and Title V claim.

**4.** Sovereign immunity is specifically intended to protect states from suit; however, a state need not be the named party for the Eleventh Amendment to apply. *Perez*, 307 F.3d at 326. Rather, immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* It is clear that TYC is an arm of the state. Established in its original form in 1949 by an act of the Texas legislature, TYC is the state's juvenile correction agency. It is concerned with juvenile delinquency, and its Board of Directors reports to the Governor. The TYC receives the majority of its funding from the state's General Revenue Fund.

**5.** Title V provides: "No person shall discriminate against any individual because such indi-

circuit have not yet extended *Garrett* to cases alleging violations of Title V. This Court concludes, however, that such an extension is warranted. When faced with the identical issue, the Ninth Circuit concluded:

> There is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled. Absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims. *Demshki v. Monteith,* 255 F.3d 986, 989 (9th Cir.2001).

The Court finds the reasoning of *Demshki* persuasive and holds that *Garrett* applies with equal force to Title V claims. Thus, TYC is granted Eleventh Amendment immunity from retaliation suits under the ADA. Accordingly, Plaintiff's Title V claim, if Plaintiff intends to assert such, is dismissed with prejudice.

### B. Plaintiff's ADA Claims Against Robinson, Helm, and Grace

The Court holds that Plaintiff is precluded from bringing an action under the ADA, just as he is under Title VII, against a person acting for an employer. While the courts of this circuit have not spoken directly on this issue, the Court is persuaded by decisions of courts that have. *See Butler v. City of Prairie Vill.,* 172 F.3d 736 (10th Cir.1999); *Mason v. Stallings,* 82 F.3d 1007 (11th Cir.1996).

■ In *Butler v. City of Prairie Village,* a terminated city employee brought suit against the city and several city officials, alleging discrimination and retaliation claims under the ADA. *Id.* at 740, 743. On appeal from the dismissal of his individual liability claims, the plaintiff contended that

the ADA does not prelude personal capacity suits against individual supervisors. *Id.* at 740. The Tenth Circuit concluded, "Because we can discern no meaningful distinction between the definitions of 'employer' in Title VII and the ADA ... we now hold that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Id.*

In *Mason v. Stallings,* a county employee brought an ADA action against the county and various county commissioners in their official and individual capacities. *Id.* at 1009. Noting the similarity of the definition of "employer" in the ADA, Title VII, and the Age Discrimination in Employment Act, the Eleventh Circuit dismissed the plaintiff's argument that the ADA's inclusion of "any agent" of an employer indicated Congress's intent to impose individual liability under the Act. *Id.* The court concluded, "As to individual liability, there is no sound reason to read the Disabilities Act any differently from this Court's reading of Title VII and the Age Discrimination Act." *Id.* As a result, the court held that the plaintiff was precluded from bringing a suit against the county commissioners in their individual capacities. *Id.*

This Court agrees with the reasoning of the Tenth and Eleventh Circuits. In the Fifth Circuit, a party is prohibited from suing individuals in their personal capacities under Title VII, see *Indest,* 164 F.3d at 262, and under the ADEA, see *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996). Due to the similarity in the definitions of "employer" under Title VII, the ADEA, and the ADA, the Court holds that personal capacity suits are likewise prohibited under the ADA. In light of the Court's

---

vidual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a) (2003).

holding, Plaintiff's ADA claims against Robinson, Helm, and Grace are hereby dismissed with prejudice.

■ The Court also holds that Plaintiff is precluded from bringing ADA claims against Robinson, Helm, and Grace in their official capacities. The Fifth Circuit's rationale for prohibiting concurrent suits under Title VII against an employer and the employer's agent in her official capacity is equally applicable under the ADA. By allowing Plaintiff to sue TYC and Robinson, Helm, and Grace in their official capacities, TYC could potentially be held liable twice for the same acts. The same considerations cutting against the potential imposition of double liability in the context of Title VII also apply here. Accordingly, because Plaintiff is bringing an ADA action against TYC, he is prohibited from also bringing ADA claims against Robinson, Helm, and Grace in their official capacities. The Court thus dismisses with prejudice Plaintiff's ADA claims against the individual Defendants in their official capacities.

## CONCLUSION

The Court GRANTS with prejudice Defendants' 12(b)(6) Motion to Dismiss as to Plaintiff's Title VII claims against the individual Defendants and Plaintiff's ADA claims against all Defendants. The Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's Title VII claim against TYC, and dismisses such claim without prejudice.

**SO ORDERED.**