# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 09-1382

_____

Tim Lors, acting in his official   *
capacity,   *
  *
    Appellant,   *
  *   Appeal from the United States
   v.   *   District Court for the
  *   District of South Dakota.
Jim Dean, acting in his official and   *
individual capacities; Deb Dufour,   *    [PUBLISHED]
acting in her official and individual   *
capacities; Otto Doll, acting in his   *
official and individual capacities;   *
Kim Stahl, acting in her official and   *
individual capacities; State of South   *
Dakota; Marty J. Jackley,[1] Attorney   *
General,   *
  *
    Appellees.   *

_____

Submitted: February 8, 2010
Filed: February 19, 2010

_____

Before WOLLMAN, HANSEN, and MELLOY, Circuit Judges.

_____

---

[1]Lors initially filed suit against Larry Long, then South Dakota Attorney General, but we substitute Marty J. Jackley, the current South Dakota Attorney General. See Fed. R. App. P. 43(c)(2).

PER CURIAM.

Tim Lors filed suit against his supervisors at the State of South Dakota's Bureau of Information and Telecommunications (BIT), the State of South Dakota, and various state officials after being removed from the position of team leader at BIT, alleging that he was discriminated against because of his diabetes, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. The district court[2] granted summary judgment to the appellees. Lors appeals, and for the following reasons, we affirm.

Lors is a 56-year-old man who has lived with type 1 diabetes for over 30 years. Type 1 diabetes is a disease in which an individual fails to produce insulin. As a result, an individual with type 1 diabetes must inject himself with insulin in order to maintain a proper blood sugar level. Because of the risks of complications from either too much or too little insulin, it is important that the individual's insulin intake be matched with his or her insulin needs, which can be affected by, among other things, activity level, food, and stress.

The BIT, where Lors was employed, provides computer technical support services to South Dakota state agencies. Within the BIT, employees are organized in teams of six or more employees, each led by a team leader. The team leader oversees his or her team and ensures that each team member is responding to the appropriate number of support requests. Prior to November 2004, Lors served as a team leader. His direct supervisor was Jim Dean, Dean's supervisor was Deb Dufour, and Otto Doll was the acting Commissioner of BIT with supervisory authority over all BIT employees. Kim Stahl was the Human Resources officer in the separate Bureau of Personnel.

---

[2]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

On October 29, 2004, Dean wrote Lors a letter explaining that as of November 9, 2004, Lors would be removed from the position of team leader and would be placed in the position of a computer support analyst. The letter called the move a "lateral transfer" and explained that his pay grade and salary would not be changed. (App. at 24.) The letter explained that Lors was to be removed because he "continue[d] to have difficulty getting along with others . . . [and Dean] continue[d] to get complaints about [Lors's] ability to be a team player." (Id.) At the time Lors was removed from the position of team leader, Dean and Dufour were aware that Lors had type 1 diabetes.

After being removed, Lors was first assigned to provide computer support services in the South Dakota Women's Prison (SDWP). In January 2005, Lors expressed concern that the unpredictable nature of his job-required physical activity at the SDWP made controlling his diabetes difficult and that he might be inside the secure perimeter of the SDWP without his diabetes supplies during a lockdown. As a result of Lors's concerns, Dean reassigned Lors to another building in February 2005. In a letter dated February 18, 2005, Dean wrote that "unless there is an emergency," Lors was permitted to "decide what to do when" in completing his work in a way that would allow him to manage his diabetes. (App. at 27.) The letter also stated that, in the event of a work emergency, Lors could ask to have the work assigned to another analyst to ensure his blood sugar levels were in an acceptable range before continuing work. Lors continued to express displeasure with his job and demand that he be returned to the position of team leader, since he believed the position of computer support analyst did not provide him the consistency and low level of stress that he believed he needed to properly control his diabetes. In a letter dated August 2, 2005, Dean wrote that Lors was "argumentative, uncooperative, and insubordinate," and that Lors had "become defensive and even more difficult to get along with" following the transfer out of the position of team leader and reiterated that Lors was able to control his work schedule and decide what to do when. (Id. at 28.)

In April 2007, Lors filed suit against the appellees, claiming that he was discriminated against because of his diabetes, in violation of the ADA. The appellees filed a motion for summary judgment, which the district court granted, finding that Lors failed to establish that he was discriminated against because of his disability. The district court held that Lors had failed to establish that he was disabled under the ADA, and that, even assuming he was disabled under the ADA and was able to establish a prima facie case of discrimination, he did not meet his burden of demonstrating that the appellees' proffered reason for the demotion (refusal to follow orders and inability to work with others) was pretextual.

Lors appeals, arguing that the district court incorrectly analyzed whether he was substantially limited in a major life activity under the ADA, that the district court erred in granting summary judgment on the issue of pretext because pretext is a factual issue that should be resolved by a trial, and that the accommodation the appellees offered Lors was ineffective because it did not provide consistency or predictability.

"We review the district court's grant of summary judgment de novo and may affirm the district court on any basis supported by the record." Figg v. Russell, 433 F.3d 593, 597 (8th Cir. 2006) (internal citation omitted). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

Under the ADA, an employer may not discriminate against an employee because of the employee's disability. Rehrs v. Iams Co., 486 F.3d 353, 356 (8th Cir. 2007). "In the absence of evidence of direct discrimination, we analyze ADA claims under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804 (1973)." Id. "Under this framework, a plaintiff bears the burden of establishing a prima facie case showing he (1) had a disability within the meaning of

the ADA; (2) was qualified, with or without a reasonable accommodation, to perform the essential job functions of the position in question; and (3) suffered an adverse employment action because of his disability." Id. "The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's actions." Id. "If the employer articulates such a reason, the burden returns to the employee to show the employer's justification is a pretext." Id. "'To demonstrate pretext, a plaintiff must present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason. . . . [T]he plaintiff must do more than simply create a factual dispute as to the issue of pretext; he must offer sufficient evidence for a reasonable trier of fact to infer discrimination.'" McNary v. Schreiber Foods, Inc., 535 F.3d 765, 769 (8th Cir. 2008) (quoting Wilking v. County of Ramsey, 153 F.3d 869, 874 (8th Cir. 1998)).

Even assuming that Lors was able to establish the first two prongs of his prima facie case and his removal from the position of team leader was an adverse employment action, he has not demonstrated that he suffered an adverse employment action *because* of his disability. Deb Dufour testified in her deposition that Lors ignored and disobeyed explicit orders. See App. at 59 ("There was [sic] emails that were sent that shouldn't have been. We asked you not to send them, you did anyway."). She also testified that Lors "couldn't get along with certain other groups in BIT," had issues with "maintain[ing] a professional working relationship with all entities in BIT," had difficulty "follow[ing] the chain of command," and was uncooperative with his coworkers. Id. at 60; see also id. at 59 ("You weren't willing to work with people to get things done, you just kind of gave—you handed the problem over to them and weren't willing to work with them to get it done."). There was no evidence demonstrating a genuine issue of material fact over whether Lors was removed from the position of team leader because of his diabetes.

Moreover, even if Lors was able to meet the burden of establishing his prima facie case, the appellees have offered a legitimate, non-discriminatory reason for their actions, and Lors has failed to offer evidence showing a genuine issue of material fact regarding whether this is a pretext. Lors argues that pretext is a factual issue that should be determined by a jury and is not appropriate for summary judgment. However, we have previously analyzed a district court's grant of summary judgment based on a lack of pretext. See, e.g., McNary, 535 F.3d at 770 ("We hold that McNary has failed to show that there is a genuine issue of material fact as to whether Schrieber's proffered justification was pretext for an illegal discriminatory motive based on his disability. Therefore, the district court's grant of summary judgment for Schreiber was proper.").

Lors further argues that the accommodation the appellees offered Lors was ineffective because it did not provide consistency or predictability. Lors's experts testified that, even without accommodations, a hypothetical employee of Lors's age and general health could adequately manage his diabetes without accommodations. Thus, Lors offered no evidence that accommodations were necessary. In spite of this, appellees *did* offer Lors accommodations, allowing him to take breaks to test his blood sugar and treat a low blood sugar, and offering him flexibility in deciding what to do when to best accommodate his diabetes. Even if, as Lors contends, he could better control his diabetes as a team leader, we have previously explained that "the ADA is not an affirmative action statute." Huber v. Wal-Mart Stores, Inc., 486 F.3d 480, 483 (8th Cir.), cert. dismissed, 552 U.S. 1074 (2007). Further, "an employer is not required to provide a disabled employee with an accommodation that is ideal from the employee's perspective, only an accommodation that is reasonable." Id. at 484. Thus, appellees were not required to employ Lors as a team leader simply because it allowed him to maintain better control of his diabetes. See id. ("[T]he ADA does not require Wal-Mart to turn away a superior applicant for the [desired] position in order to give the position to the [disabled employee].").

Finally, Lors points to various reasons the decision to remove him from the position of team leader was illogical. For example, he argues that while the appellees claim he was removed from the position because he did not get along well with others, the position he was placed in increased his contact with others. However, "we 'do not sit as a super-personnel department to review the wisdom or fairness of'" an employer's employment decisions. See Wittenburg v. Am. Express Fin. Advisors, Inc., 464 F.3d 831, 836 (8th Cir. 2006), cert. denied, 551 U.S. 1113 (2007) (quoting Wallace v. Sparks Health Sys., 415 F.3d 853, 858 (8th Cir. 2005)). Even if the appellees' decision to remove Lors from the position of Team Leader was not the best strategic employment decision, poor decision-making provides no basis for relief under the ADA. Lors failed to demonstrate that there is a genuine issue of material fact as to whether the employment decision was because of his disability or whether the appellees' proffered justification was pretext.[3]

Accordingly, the district court's judgment in favor of appellees is affirmed.

_____

_____

[3]In his reply brief, Lors argues that the appellees' motions for summary judgment did not address his 42 U.S.C. § 1983 claim and the district court erred in dismissing the claim. However, Lors failed to raise this in his opening brief. "Claims not raised in an opening brief are deemed waived." Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008). "This court does not consider issues raised for the first time on appeal in a reply brief 'unless the appellant gives some reason for failing to raise and brief the issue in his opening brief.'" Id. (quoting Neb. Plastics, Inc. v. Holland Colors Ams., Inc., 408 F.3d 410, 421 n.5 (8th Cir. 2005)). Lors "does not provide a reason for failing to raise and brief" the § 1983 claim in his opening brief, and accordingly, it is waived. See id.