# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2955

_____

Tim Lors, acting in his own capacity

*Plaintiff - Appellant*

v.

Jim Dean, acting in his official capacity; Deb Dufour, acting in her official and individual capacities; Kim Stahl, acting in her official and individual capacities; Otto Doll, acting in his official and individual capacities; Bureau of Telecommunications, The State of South Dakota; Attorney General: Marty Jackley; Governor: Michael Rounds

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: May 14, 2013
Filed: August 8, 2013

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Tim Lors sued his employer, the South Dakota Bureau of Information and Technology (BIT), and various state employees (collectively, "defendants"), alleging

retaliation in response to a prior discrimination suit that he filed against the same defendants. Lors's complaint asserted jurisdiction under various federal statutes, including Titles I and V of the Americans With Disabilities Act of 1990 (ADA). The district court[1] granted summary judgment to the defendants on the merits. Lors appealed, and we issued a sua sponte order for supplemental briefing to address whether sovereign immunity bars Lors's claims. Upon review, we hold that sovereign immunity bars Lors's claims for money damages against the defendants, and we dismiss this appeal for lack of jurisdiction.

## I. *Background*

The BIT employed Lors as a Computer Support Team Leader until November 2004 when Lors's supervisors transferred him to a Computer Support Analyst position. After his transfer, Lors filed a complaint in federal court, alleging discrimination under Section 504 of the Rehabilitation Act of 1973 and the ADA. Animosity and mistrust developed between Lors and his coworkers, in part because his coworkers learned that Lors made, and continued to make, secret recordings of his conversations at work. On December 15, 2008, the district court granted summary judgment to the defendants on Lors's discrimination claim. *Lors v. Dean*, No. 07-3017, 2008 WL 5233105 (D.S.D. Dec. 15, 2008). Lors appealed the court's grant of summary judgment to this court. On March 17, 2009, Lors's supervisors placed him on a 30-day work improvement plan (WIP). Lors failed to meet the goals under the WIP, and the BIT terminated Lors's employment on April 23, 2009. Lors's appeal of his discrimination claim was still pending before this court at the time of his termination. This court subsequently affirmed the district court's grant of summary judgment.[2] *Lors v. Dean*, 595 F.3d 831 (8th Cir. 2010).

---

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

[2]Our decision in Lors's appeal of his discrimination claim does not preclude us from addressing the issue of sovereign immunity under the ADA on this appeal of his

Lors filed a grievance with the South Dakota Career Service Commission (CSC). He argued that the BIT terminated him in retaliation for his filing of the discrimination lawsuit. The CSC determined that the BIT terminated Lors's employment for cause, and it found no credible evidence that the BIT terminated Lors in retaliation for his discrimination-lawsuit filing. The Sixth Judicial Circuit Court of South Dakota, Civ. No. 10-294, affirmed the CSC's findings. Lors did not appeal the state court's decision. Lors then applied for unemployment benefits, and his claim was denied. He appealed the denial, and the Unemployment Insurance Appeals Division of the South Dakota Department of Labor determined that Lors was not eligible for benefits because he had been terminated for misconduct.

Lors then filed the instant action, pro se, in the district court, alleging retaliation and asserting jurisdiction under Titles I and V of the ADA, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Civil Rights Act of 1991.[3] The defendants asserted various defenses and alleged that they were immune to suit under the Eleventh Amendment and the doctrine of sovereign immunity. The defendants

---

retaliation claim. "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925).

[3]Neither the Civil Rights Act of 1991 nor Title VII establish jurisdiction over Lors's claims in this appeal. First, the Civil Rights Act of 1991 was enacted to amend the ADA and Title VII. As such, it does not provide any basis for this court's jurisdiction over Lors's claims that is independent of the ADA or Title VII. Furthermore, although "Congress . . . abrogat[ed] States' sovereign immunity in Title VII of the Civil Rights Act of 1964, 78 Stat. 255, 42 U.S.C. § 2000e-2(a), and [the Supreme Court] sustained this abrogation in *Fitzpatrick* [*v. Bitzer*, 427 U.S. 455 (1976)]," *Nevada Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 729–30 (2003), Title VII only pertains to claims brought on the basis of an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Lors does not claim retaliation on the basis of race, color, religion, sex, or national origin. Consequently, this court also does not have jurisdiction under Title VII over Lors's claims.

moved for summary judgment. The district court evaluated Lors's claim under the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The court found that Lors established a prima facie case of retaliation, but it also found that the defendants rebutted the resulting "presumption of retaliation by articulating a legitimate, non-retaliatory reason for the adverse employment action." *Lors v. Dean*, No. 10-3024-RAL, 2012 WL 2970492, at *8 (D.S.D. July 20, 2012) (citing *Mitchell v. Iowa Prot. & Advocacy Servs., Inc.*, 325 F.3d 1011, 1013 (8th Cir. 2003)). The court found that "the CSC, the circuit court affirmance of the CSC ruling, and the Unemployment Insurance Appeals Division rulings all have issue preclusion effect that there existed legitimate non-discriminatory grounds for discipline and termination of Lors." *Id.* The court then found that

> Lors's evidence and explanations are not sufficient as a matter of law to create a genuine issue of material fact as to whether the employer's proffered reasons were pretextual or create an issue of fact on that subject, especially when the findings of two state tribunals have found preclusive effect that there was cause for BIT to discipline Lors and terminate Lors's employment apart from the ADA claim.

*Id.* Consequently, the district court granted the defendants' motion for summary judgment. *Id.* The district court did not address the issue of sovereign immunity. *See id.* Lors appealed, and both sides briefed the merits of Lors's claim. Because "sovereign immunity . . . is a jurisdictional threshold matter," *see Harmon Indus., Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999), and presents "a jurisdictional question that may be raised at any time," *United States v. Johnson*, 853 F.2d 619, 623 n.7 (8th Cir. 1988) (citations omitted), we issued, sua sponte, an order for supplemental briefing to address whether Lors's claims against the state and its employees under Titles I and V of the ADA were barred by sovereign immunity.

-4-

## II. *Discussion*

Lors argues that sovereign immunity does not bar his claims and that this court has jurisdiction to adjudicate them. Questions of sovereign immunity are subject to de novo review. *See United States v. Moser*, 586 F.3d 1089, 1092 (8th Cir. 2009); *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084–85 (8th Cir. 2006). Article III of the U.S. Constitution vests "[t]he Judicial power of the United States" in the federal courts. U.S. Const. art. III. The Eleventh Amendment restricts the scope of the judicial power. It provides, in pertinent part, that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." U.S. Const. amend. XI. By its terms, the Eleventh Amendment does not bar claims against a state by its own citizens. *See id.* But since 1890, the Supreme Court has held that Eleventh Amendment sovereign immunity extends to claims by a state's own citizens. *See Hans v. Louisiana*, 134 U.S. 1 (1890).

When Congress enacted the ADA in 1990, it sought to abrogate state sovereign immunity to lawsuits alleging that a state violated its provisions. *See* 42 U.S.C. § 12202.

> [W]e held in *Alsbrook v. City of Maumelle, Ark.*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), *cert. dismissed*, 529 U.S. 1001, 120 S. Ct. 1265, 146 L. Ed. 2d 215 (2000), that Title II of the ADA "was not a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment" and therefore did not abrogate Eleventh Amendment immunity.

*Doe v. Nebraska*, 345 F.3d 593, 600–01 (8th Cir. 2003). As we stated in *Alsbrook*,

> it cannot be said that in applying Title II of the ADA to the states, Congress has acted to enforce equal protection guarantees for the disabled as they have been defined by the Supreme Court. We find

therefore, that the extension of Title II of the ADA to the states was not a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment. Consequently, there is no valid abrogation of Arkansas' Eleventh Amendment immunity from private suit in federal court and the district court lacked subject matter jurisdiction over the ADA claim.

*Alsbrook*, 184 F.3d at 1010. Subsequently, the Supreme Court overturned Congress's attempted abrogation of sovereign immunity to claims for violations of Title I of the ADA in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001). The plaintiffs in that case filed suit against various state defendants, seeking money damages for a violation of Title I of the ADA. *Id.* at 362. On review, the Supreme Court ruled that, although "Congress may subject nonconsenting States to suit in federal court when it does so pursuant to a valid exercise of its § 5 power," "Congress' § 5 authority is appropriately exercised only in response to state transgressions." *Id.* at 364, 368. The Court found that the "legislative record of the ADA . . . simply fails to show that Congress did in fact identify a pattern of irrational state discrimination in employment against the disabled." *Id.* at 368. Consequently, the Court held that the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002) ("In . . . *Garrett . . .* , the Supreme Court ruled that a state is immune from suit under Title I of the ADA unless it waives its sovereign immunity.").

Here, Lors asserts a retaliation claim under Title V of the ADA that is premised on alleged prior discrimination under Title I of the ADA.

Neither the Supreme Court nor the Eighth Circuit has addressed whether Title V is valid abrogation of state sovereign immunity. However, other courts have concluded that the Supreme Court's holding in *Garrett* "necessarily applies to claims brought under Title V [when] the claims are predicated on alleged violations of Title I." *Demshki v. Monteith*, 255 F.3d 986, 988 (9th Cir. 2001); *see also Reed v. College of the*

-6-

*Ouachitas*, No. 6:11CV6020, 2012 WL 1409772, *5 (April 23, 2012 W.D. Ark.) (noting that Supreme Court precedent supports a conclusion that Congress may not abrogate the states' Eleventh Amendment immunity from claims brought pursuant to Title V of the ADA); *Morr v. Missouri Dept. of Mental Health*, No. 4:08CV359 RWS, 2009 WL 1140108, *4 (April 28, 2009 E.D. Mo.) (finding Title V claim for damages barred by the Eleventh Amendment).

*Tinzie v. Ark. Dep't of Workforce Servs.*, No. 4:11CV00683 SWW, 2012 WL 1739859, at *3 (E.D. Ark. May 16, 2012) (alteration in original). Shortly after the Supreme Court issued *Garrett*, the Ninth Circuit issued its opinion in *Demshki*. The plaintiff in *Demshki* was fired from his new position with the California Senate Rules Committee after voicing his concern that the Rules Committee violated disability law in declining to hire a fellow campaign worker who spoke with a speech impediment. 255 F.3d at 987. The plaintiff filed suit, alleging retaliation, in violation of Title V of the ADA. *Id.* at 988. The Ninth Circuit found that sovereign immunity protected the Rules Committee from the plaintiff's ADA retaliation claim and directed the district court to dismiss it. *Id.* at 989. The court stated:

> There is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled. Absent a history of such evil by the states, Congress may not abrogate the states' Eleventh Amendment immunity from Title V claims. *See Garrett,* 121 S. Ct. at 967–68.

*Id.* The Ninth Circuit recognized that the Supreme Court's holding in *Garrett* "necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I." *Id.*

Several district courts have agreed with the Ninth Circuit's reasoning in *Demshki*, and relied on the decision to support the holding that a

Title V claim was barred by the ADA. *See, e.g.*, *Tinzie v. Arkansas Dep't of Workforce Servs.*, No. 4:11CV00683, 2012 WL 1739859, at *3 (E.D. Ark. May 16, 2012); *Reed v. Coll. of the Ouachitas*, No. 6:11-CV-6020, 2012 WL 1409772, at * 5 (W.D. Ark. Apr. 23, 2012); *Collazo-Rosado v. Univ. of Puerto Rico*, 775 F. Supp. 2d 376, 386–87 (D.P.R. 2011); *Morr*, 2009 WL 1140108, at *4; *but see Villanueva-Cruz v. Puerto Rico*, No. CIV. 10-2075, 2012 WL 1712691, at * 6 (D.P.R. May 15, 2012).

*Merbach v. N. Dakota State Water Comm'n*, No. 1:13-CV-030, 2013 WL 2252916, at *3 (D.N.D. May 22, 2013). We also find *Demshki* persuasive, and we hold that sovereign immunity shields the state defendants from Lors's claims for money damages under Titles I and V of the ADA.

Lors argues that his suit can still survive summary judgment, despite the state's sovereign immunity to claims for money damages, because his prayer for relief also requested injunctive relief. Lors points to *Garrett*, which explains that "Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced . . . by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)." 531 U.S. at 374 n.9. Lors argues that reinstatement to his previous employment would be an appropriate injunctive remedy. He cites *Morr*, in which the plaintiff survived summary judgment on both of her Title I and Title IV ADA claims because her complaint contained a pleading for reinstatement to her position—a form of prospective injunctive relief.[4] 2009 WL 1140108, at *6. However, unlike the complaint in *Morr*, Lors's complaint does not contain a pleading for injunctive relief but only a generic prayer for

---

[4]The complaint in *Morr*, under a section titled, "V. Damages and Remedies," stated: "48. Plaintiff also seeks an injunction for reinstatement to her former position, a declaratory ruling that Defendants' conduct was unlawful and discriminatory, and such other and further relief as the Court deems necessary and proper under the circumstances."

unspecified injunctive relief.[5] Furthermore, addressing a related point, Lors's supplemental brief states that "[b]ecause the *Tinzie* plaintiff had not plead[ed] for any prospective injunctive relief, the District Court directly applied the *Garrett* analysis to the Title I ADA claim and found it barred." But the complaint in *Tinzie* contained a more substantive prayer for injunctive relief than Lors's complaint.[6] Thus, if the *Tinzie* complaint failed to plead a claim for prospective injunctive relief, then, *a fortiori*, Lors's complaint also fails to do so. "Although a pro se complaint is to be liberally construed, it 'must contain specific facts supporting [a legally cognizable claim].'" *See Lally v. Crawford Cnty. Trust & Sav. Bank, Denison, IA*, 863 F.2d 612,

---

[5]Lors's prayer for relief states:

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

    A.    Award plaintiff compensatory damages for loss of income, health benefits, emotional distress, and all other damages available under the ADA and South Dakota law;
    B.    Award plaintiff punitive damages;
    C.    *Award injunctive relief*;
    D.    Award plaintiff attorney fees and other costs;
    E.    Such other and further relief that this Court may deem just and appropriate.

(Emphasis added.)

[6]The prayer for relief in *Tinzie* stated:

Plaintiff prays for back pay or reinstatement to her position as AAS Writer II. Plaintiff seeks retroactive back pay, unpaid hourly wages, unpaid holidays and reinstatement or front pay caused by the Defendants acts of discrimination, harassment and retaliation. In addition, the Plaintiff seeks declaratory and injunctive relief from acts of discrimination, harassment and retaliation within Defendants work place.

613 (8th Cir. 1988) (quoting *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)). Lors has not done so here. Consequently, we hold that Lors's complaint did not plead a claim for prospective injunctive relief.

### III. *Conclusion*

Because we hold that sovereign immunity shields the state defendants against Lors's claims for money damages and that Lors did not plead a claim for prospective injunctive relief, we have no jurisdiction to consider the merits of Lors's appeal. Consequently, we dismiss this appeal and remand for further proceedings consistent with this opinion.

_____