NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL H. VARTANIAN, | No.   18-16084 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-00826-EJD |
| v. | |
| STATE BAR OF CALIFORNIA; NORTHWESTERN CALIFORNIA UNIVERSITY SCHOOL OF LAW, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 5, 2019**
San Francisco, California

Before:  GOULD and CALLAHAN, Circuit Judges, and BOUGH,*** District
Judge.

Plaintiff-Appellant Michael Vartanian challenges the district court's

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

dismissal without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), of his claims that Defendant-Appellees State Bar of California and Northwestern California University School of Law (Law School) collaborated to summarily dismiss him as a student of the Law School. Vartanian also challenges the district court's denial of his motion for reconsideration. Reviewing the district court's dismissal of Vartanian's claims *de novo*, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999); *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011), and denial of his motion for reconsideration for abuse of discretion, *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1056 (9th Cir. 2017), we affirm.[1]

1.      The State Bar possesses sovereign immunity under the Eleventh Amendment. *Hirsch v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995). Whether it has sovereign immunity from Vartanian's retaliation claim under the Americans with Disabilities Act (ADA) turns on the alleged predicate violation of the ADA that Vartanian opposed, resulting in the Bar's purported retaliation. *See Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001) (holding that sovereign immunity bars suit where Title V retaliation claim was predicated on Title I violation because Congress has not validly abrogated the

---

[1] We grant Vartanian's motion to take judicial notice (Dkt. No. 21), and his motion to strike portions of Defendant-Appellee Law School's briefing and excerpts of record (Dkt. No. 45).

2

Eleventh Amendment with respect to Title I of the ADA). Here, Vartanian opposed conduct that allegedly violated Title II of the ADA. Congress has validly abrogated state sovereign immunity with respect to Title II of the ADA "as it applies to the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004). Vartanian's opposition to a proposed rule of professional conduct, which would have regulated interactions between private parties and permitted lawyers to take certain protective actions on behalf of clients with diminished capacity, does not rise near to the level of implicating any "fundamental right of access to the courts." *Id.* Because the proposed rule of professional conduct did not substantially restrict or impair access to the courts, the State Bar is protected from that claim by sovereign immunity.

The State Bar also has sovereign immunity against Vartanian's due process claim. Congress has not abrogated sovereign immunity for 42 U.S.C. § 1983 claims. *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985). And as currently pleaded, the Complaint names the State Bar, not any of its acting officials, as the Defendant, thus barring an action for prospective relief under the principles of *Ex parte Young*, 209 U.S. 123 (1908).

2.     Further, Vartanian did not plausibly state a claim for relief under the ADA against both the Law School and the State Bar. A *prima facie* case for

3

retaliation under the ADA requires a showing of "(1) involvement in a protected activity, (2) an adverse [] action, and (3) a causal link between the two." *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003) (quoting *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000)). Vartanian's letters to the California Supreme Court and State Legislature criticizing a proposed rule of professional conduct that had been submitted by the State Bar do not constitute protected activity because Vartanian could not reasonably have believed that a *proposed* rule, which involved routine regulation of attorney-client relations and permitted protective actions to be taken on behalf of disabled clients, constituted a violation of the ADA's requirement that public entities not discriminate against disabled persons in its public services, programs, and activities. 42 U.S.C. § 12132. Also, Vartanian has not alleged enough facts to make plausible his causation claim that the Law School dismissed him from school at the direction of the State Bar, in retaliation for his letters opposing the proposed rule. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For these reasons, Vartanian did not state a claim under the ADA.

3. Vartanian also did not state a claim for a due process violation. Vartanian has no cognizable liberty or property interest either "in practicing the profession of his choice," *Giannini v. Real*, 911 F.2d 354, 357 (9th Cir. 1990), or in attending a private law school. Nor has Vartanian plausibly alleged government

4

action in the form of the State Bar directing the Law School to summarily dismiss him.

4. The district court acted within its discretion by denying leave to amend. We conclude that there is no set of facts that could establish that Vartanian's belief in the proposed rule's illegality was reasonable or that his letters "initiated" a self-evaluation process by the Bar, which is already automatic under 28 C.F.R. § 35.105(a). His letters show mere disagreement with the State Bar's policy, but "Title II does not require States to employ any and all means to make judicial services accessible to persons with disabilities." *Lane*, 541 U.S. at 531–32. His complaint is not just factually insufficient but also legally insufficient to show that he engaged in protected activity under the ADA, so granting leave to amend the pleadings would be futile. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Similarly, because Vartanian can allege no cognizable liberty or property interest in attending a private law school, amendment of his due process claim would also be futile. And to the extent Vartanian raises for the first time on appeal a retaliation claim under the First and Fourteenth Amendments, he has waived that argument, and we decline to consider it. *Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir. 1998). Because amendment would be futile, we

5

affirm the district court's dismissal without leave to amend.

5.       Finally, the district court did not abuse its broad discretion to deny Vartanian's motion for reconsideration under Federal Rule of Civil Procedure 59(e).  *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  The California Supreme Court's decision to reject without explanation the challenged proposed rule was not "newly discovered evidence" because that decision was publicly available weeks before the motion to dismiss hearing in this case.  *Id.*  And the decision *not* to adopt a new rule does not constitute "an intervening *change* in the controlling law."  *Id.* (emphasis added).  No basis for the "extraordinary remedy" of granting a motion for reconsideration applies.  *Id.*

**AFFIRMED.**

6