**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-31134
Summary Calendar

CHRISTOPHER GEORGE TAYLOR,                    Plaintiff - Appellant,

versus

BOOKS A MILLION, INC.,

Defendant- Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

July 15, 2002

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Christopher George Taylor ("Taylor") appeals the district court's dismissal of his Title VII claims against Books A Million ("BAM"). For the reasons stated below, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Taylor, a former employee of BAM, brought suit against BAM under Title VII of the Civil Rights Act of 1964, alleging that BAM discriminated against him in the following respects: (1) failing to promote him in October of 1997, November of 1997, January of 1998, March of 1998, and May of 1998; (2) taking various disciplinary actions against him; (3) failing to properly train him; (4) retaliating against him; (5) terminating his employment; and (6) constructively discharging him.

Before filing this lawsuit, Taylor submitted two charges of discrimination to the Equal

Employment Opportunity Commission ("EEOC"). Taylor's first charge, dated January 28, 1999, alleged discriminatory failure to promote him between November of 1997, and July of 1998. Taylor's second charge was submitted to the EEOC on December 13, 1999, but signed by Taylor on June 11, 2000, and alleged discriminatory termination of Taylor's employment on March 14, 1999. The EEOC issued a right- to-sue letter for each charge on September 29, 2000. Taylor filed this lawsuit on January 5, 2001, ninety-eight days after the mailing of the notice. In his complaint, Taylor stated that "[t]he EEOC issued a Right to Sue Letter on September 29, 2000 and this suit is filed within ninety (90) days of receipt of the Right to Sue Letter."

BAM moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on all of Taylor's claims, and the district court issued an order granting the motion. In the order, the district court stated that "[n]inety-eight days passed from the date the EEOC issued Taylor's right to sue letter and the date he filed this suit. There is a slight possibility that Taylor received the notice late. Facially, however, his action is untimely." Taylor subsequently filed a motion to alter the judgment of dismissal, or alternatively a new trial, which the district court denied. This appeal followed. On December 11, 2001, Taylor's appeal was dismissed by this court under Rule 42.3, for failure to file record excerpts. The appeal was reinstated on January 18, 2002.

STANDARD OF REVIEW

This Court reviews *de novo* a district court's grant of dismissal under Federal Rule of Civil Procedure 12(b)(6). S. Christian Leadership Conference v. Supreme Court of the State of La., 252 F.3d 781, 786 (5th Cir. 2001). Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief. McConathy v. Dr.Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998). When considering a motion to

2

dismiss, the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff. Id. It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." S. Christian Leadership Conference, 252 F.3d at 786 (quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)).

DISCUSSION

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. Dao v. Auchan Hypermarket, 96 F.3d 787, 788-89 (5th Cir. 1996). Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. Nilsen v. City of Moss Point, Miss., 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. §2000e-5(f)(1) (1994)). This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. See Ringgold v. National Maintenance Corp., 796 F.2d 769, 770 (5th Cir. 1986); Espinoza v. Missouri Pacific R.R. Co., 754 F.2d 1247, 1251 (5th Cir. 1985). Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. See, e.g., Butler v. Orleans Parish School Board, No. Civ. A. 00-0845, 2001 WL 1135616 (E.D. La. Sept. 25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses).

3

Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." Dao, 96 F.3d at 789.

The district court held that Taylor's lawsuit, which was filed ninety-eight days after the EEOC *issued* him a right to sue letter, was untimely. Although Title VII provides in no uncertain terms that the ninety-day period of limitations begins to run on the date that the EEOC right-to-sue letter is *received*, the district court erroneously determined that the operative date is the day the letter was issued. Bunch v. Bullard, 795 F.2d 384, 387-88 (5th Cir. 1986) (holding that the ninety-day period within which a plaintiff has to file a claim against an employer begins to run, not when the right-to-sue letter is issued by the EEOC, but when the plaintiff received the letter). Nonetheless, we conclude that the district court properly dismissed Taylor's claims as untimely.

Taylor alleged in his complaint that "[t]he EEOC issued a Right to Sue Letter on September 29, 2000 and this suit is filed within ninety (90) days of receipt of the Right to Sue Letter." Taylor, however, failed to state a specific date upon which he received the right-to-sue letter and his conclusory allegation that his complaint was filed timely is insufficient to preclude dismissal. Thus, as an initial mater, we must decide when the ninety-day period began to run.

As this is a matter of first impression in this circuit, we look to other federal courts for guidance. When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed. See Lozano v. Ashcroft, 258 F.3d 1160, 1164 (10th Cir. 2001); see also Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (presuming the plaintiff received a right-to-

sue letter three days after delivery based upon FED. R. CIV. P. 6(e));[1] <u>Banks v. Rockwell Intern. N. Am. Aircraft Operations</u>, 855 F.2d 324, 326 (6th Cir. 1988) (applying a five-day presumption of receipt of a right-to-sue letter). Because Taylor has failed to allege the specific date for which he actually received the right-to-sue letter and the date the letter was received is unknown, we conclude that a presumption of receipt is appropriate.

Even if we were to apply the maximum number of days that court's have allowed under the presumption of receipt doctrine, i.e. seven days after the EEOC mailed the letter, Taylor's claim would still be considered untimely. The EEOC issued a right-to-sue letter on September 29, 2000, and Taylor does not allege in his complaint that the letter was improperly sent. Thus, a presumption arises that Taylor received the right-to-sue letter on, or prior to October 6, 2000. He therefore had until January 4, 2001 to file his complaint. Because Taylor did not file his complaint until January 5, 2001, one day beyond the ninety-day period, the district court properly dismissed his claims as untimely.

CONCLUSION

For the reasons stated herein, we affirm the district court's dismissal of Taylor's claims as untimely.

AFFIRMED.

---

[1]Rule 6(e) provides that "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party . . . 3 days shall be added to the prescribed period."

FED. R. CIV. P. 6(e)