IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-30040
Summary Calendar

TANDRA OUBRE

Plaintiff - Appellant

v.

LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana, Baton Rouge
USDC No. 3:03-CV-465

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tandra Oubre sued her employer, the Louisiana Department of Environmental Quality (DEQ), for racial discrimination and retaliation. Oubre, an African-American, and a white coworker both were interviewed for a supervisory position. Oubre's coworker was selected for the position and became Oubre's supervisor. Oubre alleged that she was not selected due to her race. Oubre also alleged that she was given a low performance evaluation in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliation for filing a complaint with the Equal Employment Opportunity Commission about her non-selection. Oubre filed an additional complaint with the EEOC after receiving her performance evaluation. After exhausting her administrative options, Oubre filed this suit.

The district court granted DEQ's motion for summary judgment. As to the failure to promote claim, the district court dismissed because Oubre did not file her civil suit within ninety days of receiving a right to sue letter from the EEOC. There is neither factual nor legal error in that ruling. See Taylor v. Books-a-Million, 296 F.3d 376, 380 (5th Cir. 2002), cert. denied, 537 U.S. 1200 (2003).

The district court also found that Oubre failed to demonstrate a prima facie case of discrimination or retaliation arising from her performance evaluation, being reprimanded for her unprofessional conduct, and the denial of leave under the Family Medical Leave Act. The necessary element of her claim that was found lacking was that some adverse employment action must have been taken against her. See McCoy v. City of Shreveport, 492 F.3d 551, 559-61 (5th Cir. 2007). Oubre's evaluation, which found her work to be satisfactory, would not prevent a merit-based salary increase. The evaluation, which allegedly was retaliatory, was similar to what Oubre usually received. A white coworker received the same rating as Oubre. The letter of reprimand reminded Oubre of workplace standards of conduct in response to her disrupting the workplace upon receiving her evaluation, but it was not placed in her personnel file. As to the Family Leave Act claim, the undisputed evidence was that DEQ granted Oubre's request to modify her working hours.

The district court did not err in holding that Oubre failed to demonstrate a prima facie case of racial discrimination or retaliation. We AFFIRM.