**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-11214
Summary Calendar

BRYCESON WILLIAM BROWN,

Plaintiff-Appellant

v.

BANK OF AMERICA; JEANIE MARTIN,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
No. 2:08-CV-002

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bryceson William Brown appeals the district court's summary judgment ruling in favor of the Defendants. The district court found that Brown's suit was time-barred because he failed to file suit within the required 90 days of receiving his "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC"). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This Court reviews a summary judgment dismissal *de novo.* In a *de novo* review, an appeals court applies the same standards as the district court. *See Williams v. Wynne,* 533 F.3d 360, 365 (5th Cir. 2008).

Title VII provides that claimants have ninety days to file a civil action after receipt of a notice of a right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Brown stated in his deposition that he received his notice from the EEOC in the first week of September, which would have been no later than September 8, 2007. He filed his lawsuit on January 4, 2008, outside the 90-day window required by Title VII to bring a claim. The requirement to file a suit within 90 days of receiving the "right to sue" letter is strictly construed. *Taylor*, 296 F.3d at 379. Brown presented no evidence to refute his statement in his deposition. While Brown attempted to explain away the time conflict in his amended answer, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss," *Id*. at 378. With no evidence to contradict Brown's own assertions of the date of receipt of the letter, summary judgment in favor of the defendants is warranted. Because the suit is time-barred, we need not address the other issues raised by Brown on appeal. The judgment of the district court is AFFIRMED.