This document contains some
pages that are of poor quality
at the time of imaging.

38,160-04

Dear Court Clerk:                                        February 4, 2015

Re: Trial Court Cause No.F11-14842-H

Prior Writ No.W11-14842-H÷(A)

My name is Sam Jones the defendant/applicant in the above cause numbers.
Pursuant to **Ex Parte Torres** 943 SW2d 469,472 (Tex. Crim. App.1997) I will
be filing a "subsequent 11.07 writ application" in the very near future. My
first writ application was dismissed for "non-compliance" with Rule 73 Tex.
R.App.Pro. Fifty page memorandum rule. Pursuant to Rule 73.1(d) I have
(repeatedly) filed a motion to exceed the 50 page limit memorandum however,
the convicting court refuses to acknowledge receiving nor rule on my motion
to exceed the page limit. Thus I request that you please submit this letter
explaining my situation to the judge of your court along with the enclosed
motion seeking the Court Of Criminal Appeals to compel the convicting court
to acknowledge and rule on my motion that is before the convicting court.

Lastly, will you please stamp file date this letter and mail me back
a copy of it using the enclosed self-addressed stamped envelope.that's
stapled to this letter.

                                        Thank You
                                        Sam Jones

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 12 2015
Abel Acosta, Clerk



RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 12 2015

Abel Acosta, Clerk

Ex Parte Sam Jones          §     Criminal District Court No.1
Applicant                   §     In And For Dallas County Texas
v                           §
The State Of Texas          §     Trial Cause No.F11-14842-H
                            §     Prior Writ No.W11-14842-H-(A)
                            §

**MOTION SEEKING THE COURT OF CRIMINAL APPEALS
TO COMPEL THE CONVICTING COURT TO ACKNOWLEDGE
AND RULE ON APPLICANT'S MOTION TO EXCEED THE
50 PAGE LIMIT MEMORANDUM:**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ex Parte Sam Jones a pro-se applicant in the above cause numbers acting in his own behalf files this motion seeking the Court Of Criminal Appeals to compel the convicting court to acknowledge and rule on applicant's "Motion To Exceed The 50 Page Limit Memorandum" that is before the court. Pursuant to Rule 73.1(d) Tex.R.App.Pro. which states (pertinent part):

> "The applicant or petitioner may file a separate memorandum. If the total number of pages, including those in the original and any additional memorandum, exceed the word or page limit, an applicantion may be dismissed unless the convicting court for good cause shown grants leave to exceeed the prescribed limits."

Rule 73.1(d) vest the convicting court with the authority to grant an applicant or petitioner leave to exceed the prescribed 50 page limit memorandum upon a showing of good cause. On May 12, 2014 applicant filed his original (i.e. first) 11.07 writ application in the convicting court, Criminal District Court No.1 in Dallas County (Writ No.W11-14842-H-(A)). Applicant submitted with his original writ application a 113 page memorandum along with a "Motion To Exceed The 50 Page Limit Memorandum" showing good cause for the court to grant leave to exceed the prescribed page limit. However, the convicting court simply ignored applicant's motion to exceed the page limit

1

and issued its findings and recommendations on May 29,2014 recommending that applicant's application be dismissed for "non-compliance" with State Rule 73 fifthy page limit memorandum rule. Applicant timely filed his objections pointing out the fact that he submitted the 113 page memorandum along with a "Motion To Exceed The 50 Page Limit Memorandum" seeking leave from the court to file the memorandum but that the convicting court Judge simply ignored his motion to exceed the page limit. The convicting court also ignored applicant's objections pointing out the said fact. On July 9, 2014 the Court Of Criminal Appeals adopted the convicting court's recommendations and dismissed applicant's application for "non-compliance" with Rule 73. Tex.R.App.Pro.

SUBSEQUENT WRIT APPLICATION:

Under state law, a dismissal connotes a disposition for reason other than on the underlying merits of a claim, and such a resolution will not preclude review of the merits of substantive claim upon their presentment in a subsequent application. **Ex Parte Torres** 943 SW2d 469,472 (Tex. Crim. App.1997). Applicant herein intends to file a "**subsequent writ application**" however, this time instead of including his motion to exceed the 50 page limit memorandum along with his writ application, applicant has filed the motion to exceed inadvance of him filing his subsequent writ application, showing good cause for the convicting court to grant him leave to exceed the prescribed page limit. [see attached copy of motion to exceed the page limit]. The convicting court is once again ignoring applicant's resubmitted/refiled motion to exceed the 50 page limit memorandum thus applicant files this motion seeking the Court Of Criminal Appeals to compel the convicting court to acknowledge receiving and rule on applicant's said motion that is before the court. The convicting court is "**hindering applicant's ability to present his claims**" before the court because he is unable to prepare his memorandum without knowing the page limit that it must conform to and he being a pro-se

2

litigant will be unable to properly develop "twenty-one meritorious constitutional claims" stating facts with a level of particularity that are outside of the trial record that will entitle applicant to relief in a 50 page memorandum thus applicant seeks leave to exceed the prescirbed page limit.

## PRAYER:

WHEREFORE, PREMISE CONSIDERED, Applicant respectfully prays that this Honorable Court will: (1) Compel the convicting court to ackonwledge receiving and rule on applicant's Motion To Exceed The 50 Page Limit Memorandum; or (2) Issue an Order granting applicant leave to submit a 120 page memorandum; or (3) Issue an Order granting applicant leave to exceed the page limit to a page count determined by this court.

## VERIFICATION:

I, Sam Jones being the applicant in the above declare that the facts stated herein are true and correct. Under penalty of perjury I attest to this by my signature below. Executed at Walker County, Huntsville, Texas. On this the 4th day of February 2015.

Sam Jones
Applicant

3

Ex Parte Sam Jones                §        Criminal District Court No.1

Applicant                         §        In And For Dallas County Texas

v                                 §

The State Of Texas                §        Trial Cause No.F11-14842-H

                                  §        Prior Writ No.W11-14842-H-(A)

                                  §

## MOTION TO EXCEED THE 50 PAGE LIMIT
## MEMORANDUM:

TO THE HONORABLE JUDGE ROBERT BURNS:

COMES NOW, Ex Parte Sam Jones a pro-se applicant acting in his own behalf pursuant to Rule 73.1(d) Tex.R.App.Pro. files this motion seeking permission to exceed the 50 page limit memorandum. Rule 73.1(d) states (pertinent part):

> "The applicant or petitioner may file a separate memorandum. If the total number of pages, including those in the original and any additional memorandum, exceed the word or page limit, an application may be dismissed unless the convicting court for good cause shown grants leave to exceed the prescribed limits."

Rule 73.1(d) vest the convicting court with the authority to grant an applicant or petitioner leave to exceed the prescribed 50 page limit memorandum upon a showing of good cause. Such being true the applicant will show herein **"good cause"** to permit him to exceed the 50 page limit memorandum.

## SUBSEQUENT WRIT APPLICATION:

Under State law, a dismissal connotes a disposition for reason other than on the underlying merits of a claim, and such a resolution will not preclude review of the merits of substantive claim upon their presentment in a subsequent application. Ex Parte Torres 943 SW2d 469,472 (Tex. Crim. App.1997). This is applicant's second habeas application his first was dismissed for

1

"non-compliance" with Rule 73. fifty-page limit memorandum rule. Applicant filed his habeas application in this court and he submitted with the application a 113 page memorandum along with a "Motion To Exceed The 50 Page Limit Memoradum." However, this court simply ignored applicant's motion to exceed the page limit and dismissed his habeas application as "non-compliance" with Rule 73. Applicant then timely filed his objections to this court findings pointing out the fact in his objections that his intentions wasn't to file the memorandum without leave from the court thus he had submitted it along with a motion to exceed the page limit seeking this court's permission to file the memorandum but that this court had simply ignored his motion to exceed the page limit. This court also ignored appli= cant timely filed objections. A

Applicant herein intends to file a "subsequent writ application" pursuant to **Ex Parte Torres** however, this time instead of including his motion to exceed the 50 page limit memorandum along with the writ application applicant files this motion now inadvance of him filing his subsequent writ application, showing good cause for the court to grant him leave to exceed the prescribed page limit.

### PRO-SE APPLICANT STATUS:

Applicant is a pro-se litigant whom is uneducated and untrained in the law yet acting in his own behalf. It is well established that "pro-se complaints are held to less, stringent standards than formal pleading drafted by law-yers." **Taylor v Books A Million Inc.** 296 F3d 376,378 (5th Cir.2002). It was applicant's limited understanding and/or misunderstanding that "proper court protocol" required that whenever a litigant filed a motion seeking leave from a court to amend a document, or to file a document, or to exceed the court's prescribed page limit, the litigant was required to include along with the motion the document for the court's viewing which the liti-

2

gant was seeking leave from the court to file thus such is exactly what the applicant did. He filed the motion to exceed the 50 page limit memorandum and he included along with the motion his 113 page memorandum for the court's viewing seeking leave from this court to file it. Applicant reiterates that this court simply ignored his motion to exceed the page limit and dismissed his application as "non-compliance."

## APPLICANT PRESENTS GOOD CAUSE TO EXCEED THE 50 PAGE LIMIT MEMORANDUM:

Pro-se habeas petitioners bears the burden of proving by a preponderance of the evidence that his trial counsel was ineffective thus petitioner/ applicant must state facts with a level of partucularity that if proven true would entitle him to relief. Herein applicant presents **"good cause"** to the court to grant him leave to exceed the 50 page limit memorandum, he contends that he is presenting **"twenty-one meritorious constitutional issues'** for review in his habeas/memorandum and that it is impossible for him being a pro-se litigant to be able to fully develop and effectively present 21 meritorious constitutional claims in a **"50 page memorandum!"** Stating detail facts that are outside of the trial record in regards to he and trial counsel's hostile attorney/client relationship and all of counsel's lies, disloyalty and outright refusal to follow applicant's instructions in regards to trial preparation, trial tactics and trial strategy and counsel's outright refusal to follow applicant's instructions to **"impeach the complainant with her perjured testimony!"** It is impossible for applicant to state in a 50 page memorandum with a level of particularity all of the complainant's perjured testimony, lies, and contradicted statements to the police and prove such by citing police reports, the complainant's trial testimony, and her testimony at applicant's Protective Order Hearing. As well as state the detail facts in regrds to the provable lies and contradicted statements

3

that the complainant told the State's psychiatrist Dr. Kristi Compton, lies that sabotaged applicant's insanity defense and prove such lies by citing Dr. Compton's evaluation report, police reports, the complainant's testimony at trial and at the Protective Order Hearing and cite her affidavit submitted at that hearing.

It is impossible for applicant to state all of the facts in each of his twenty-one claims with a level of particularity that will entitle him to relief in a 50 page memorandum as well as reference the said evidence proving his allegations in addition to stating the facts that are outside of the record in regards to the State's psychiatrist flawed cursory 45 minute evaluation whereat Dr. Compton repeatedly told applicant that **"she was being rushed to conduct and turn in her evaluation report in 4 days thus she wished that applicant's attorney would get a continuance to afford her adequate time to conduct a thorough proper evaluation:"** Applicant's attorney didn't seek a continuance thus a rushed and inaccurate evaluation report resulted. It is impossible for applicant being a pro-se litigant to be able to state all of the mentioned facts in detail with a level of particularity in a 50 page memorandum and prove his allegations by a preponderance of the evidence (i.e. citing fifthy-three exhibits, police reports, motions, affidavits, the Reporter's Record from the Protective Order Hearing, and citing trial testimony) proving that applicant's conviction was obtained by the cumulative factors of the complainant's numerous undisclosed lies and perjured testimony, his trial counsel's ineffective representation and a flawed 45 minute mental evaluation that misdiagnosed applicant's sanity and undiagnosed his **Post-Traumatic Stress Disorder (PTSD)** all of which were cumulative factors that resulted in applicant's conviction. Thus applicant seeks leave from the court to exceed the 50 page limit memorandum to fully develop and effectively presen these meritorious claims.

4

## PRAYER:

**WHEREFORE, PREMISE,CONSIDERED,** Applicant respectfully prays that this Honorable Court will grant this motion and allow him to sumit a 120 page memorandum or in the alternative allow him to exceed the page limit to a page count determined by this court.

## VERIFICATION:

I, Sam Jones being the applicant in the above declare that the facts stated herein are true and correct. Under penalty of perjury I attest to this by my signature below. Executed at Walker County, Huntsville, Texas. On this the 4th day of February 2015.

_Sam Jones_
Sam Jones
Applicant