# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20686
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2015

Lyle W. Cayce
Clerk

BENEDICT EMESOWUM,

Plaintiff-Appellant

v.

CHRISTMAS EVE MORGAN,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-78

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Benedict Emesowum appeals the dismissal for failure to state a claim of his amended complaint raising 42 U.S.C. §§ 1983 and 1985 claims as well as claims for invasion of privacy and defamation of character under Texas law. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review a dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) de novo, using the same standard of review applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals. *Harris v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20686

*Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal quotation marks and citations omitted).

Emesowum does not address the district court's reasons for dismissing his claims with any specificity. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We will not consider his arguments, which are bereft of citation to the record or to legal authority, that the district court was biased, that it should have granted his motion for recusal, and that it erred by sua sponte ordering him to show cause why his case should not be dismissed. *See* FED. R. APP. P. 28(a)(8); *Yohey*, 985 F.2d at 225. Given that motions for default judgment are disfavored, *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998), Emesowum fails to show that the district court erred by denying his default judgment motion. *See Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001).

Emesowum's appeal is DISMISSED as frivolous pursuant to Fifth Circuit Rule 42.2. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997). His outstanding motions are DENIED. Emesowum is CAUTIONED that future frivolous or repetitive filings in this court will result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his

2

No. 14-20686

ability to file pleadings in this court or any court subject to this court's jurisdiction.