# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20357
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2018

Lyle W. Cayce
Clerk

RICHARD N. TAWE,

Plaintiff-Appellant

v.

CLEMONS, Mailroom Clerk; UNKNOWN MAILROOM CLERK; UNKNOWN BEEVILLE POST OFFICE CLERK; UNKNOWN POST OFFICE CLERK DALLAS; JOHN F. WARREN, Clerk Northern District Court,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-187

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Richard N. Tawe, Texas prisoner # 1596960, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Tawe states that he mailed a letter to defendant John F. Warren at an address for the Northern District of Texas; that the letter requested information

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concerning the dismissal of two prior civil suits that he filed in the Northern District of Texas; that he needed that information to file a procedurally proper and timely civil rights suit in state court; that the defendants conspired to retaliate against him for exercising his right to access to courts by holding onto that mail for almost four months; and that the delay in the return of his unanswered letter, which was marked return to sender for an insufficient address, prevented him from filing a civil rights suit in state court.  He contends that the defendants' actions violated his rights under the First, Fourth, Sixth, and Fourteenth Amendments and that the defendants' deliberate indifference to his right to access of courts constituted cruel and unusual punishment in violation of the Eighth Amendment.  We will not consider his Fourth and Sixth Amendment claims as those claims were not raised before the district court.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We review dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) de novo.  *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir.), *cert. denied by Legate v. Collier*, 137 S. Ct. 489 (2016).  "Under that standard, a complaint will survive dismissal for failure to state a claim if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Legate*, 822 F.3d at 210 (internal quotation marks and citation omitted).

The district court did not err in denying Tawe's claims pursuant to § 1915(e)(2)(B)(ii).  *See Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Legate*, 822 F.3d at 210-11; *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).  Tawe does not dispute the district court's judicial notice of the fact that Warren is the Dallas County Clerk, not the clerk of court for the Northern District of Texas.  Thus, Tawe's mail was not properly addressed to Warren at the Dallas County Clerk's Office or to

someone in the clerk's office for the Northern District of Texas.  Second, Tawe concedes that, after he mailed the letter, he was moved to another prison.  Despite these factors of his using an erroneous address and his prison transfer, he speculates that the delay in receiving his returned mail was caused by the defendants conspiring to retaliate against him for exercising his constitutional rights.  Tawe concedes on appeal, however, that he has no idea whether the named defendants were involved in the alleged constitutional violations and that he only named those defendants in this lawsuit so that the district court would investigate and he might possibly find out that the judge who heard his cases in the Northern District of Texas got his letter to Warren and then "rejected" it.  Tawe's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).  The district court's judgment is therefore affirmed.

The district court's dismissal of Tawe's complaint for failure to state a claim on which relief could be granted counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).  The Northern District Court of Texas's dismissal as frivolous of *Tawe v. Unknown Psychiatrist*, No. 3:11-cv-1016 (N.D. Tex. 2011), also counts as a strike.  Tawe is WARNED that if he accrues three strikes under § 1915(g), he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.