# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11461
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2019

Lyle W. Cayce
Clerk

BILLY ROY HIGH, JR.,

       Plaintiff – Appellant,

v.

VISTASP KARBHARI, President, University of Texas at Arlington;
ELISABETH CAWTHON, Dean, College of Liberal Arts; KENT KERLEY,
Department Chair, Department of Criminology and Criminal Justice,

       Defendants – Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-841

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

    A former graduate student at the University of Texas at Arlington filed suit against three university officials, alleging various statutory and constitutional violations. The district court granted the university's motion to

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11461

dismiss based on lack of standing, sovereign immunity, and failure to state a claim. We AFFIRM.

I.

Billy High, Jr. enrolled in the Criminology and Criminal Justice graduate program at UT Arlington in the spring of 2014. High alleges that throughout his time in the program, the university discriminated against him on the basis of age, color, gender, sexual orientation, and disability. He also alleges, *inter alia*, that the university refused to provide him reasonable accommodations for his disability and denied him access to his academic records and that several faculty members gave him incorrect information about course requirements.

In March 2017, High filed a complaint with the Board of Regents of the University of Texas about these issues. The Board forwarded the complaint to UT Arlington's Office of University Compliance and Legal Affairs (Legal Affairs) for review. Two months later, High notified the President of UT Arlington, Vistasp Karbhari, of the same issues. Karbhari also routed the information to Legal Affairs and asked the director of that office to investigate the complaint. While the investigation was pending, High was dismissed from the Criminology and Criminal Justice graduate program.[1] Shortly afterward, Legal Affairs dismissed his complaint, having concluded that no discrimination had occurred.

High filed suit against Karbhari; the Dean of the College of Liberal Arts, Elisabeth Cawthon; and the Chair of the Department of Criminology and Criminal Justice, Kent Kerley. The live pleadings in the case assert various

---

[1] UT Arlington's brief explains that High was dismissed for failing to meet the minimum grade point average requirements for the program. High's complaint notes that his dismissal came shortly after he received a poor grade in a course, but it does not cite his GPA as the reason for his dismissal.

2

No. 18-11461

statutory and constitutional civil rights claims based on three sets of facts: (1) the discrimination and other misconduct that High alleged in the complaint he filed with the university; (2) Legal Affairs' alleged mishandling of that complaint; and (3) High's dismissal from the graduate program. High requests various forms of relief, including the removal of the "dismissed" designation from his transcript, grade changes, access to his full educational record, and $150,000 in damages.

Karbhari, Cawthon, and Kerley filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that High lacks standing, that some of his claims are barred by sovereign immunity, and that he failed to state any cognizable claim upon which relief could be granted. High then filed an amended complaint, which the district court struck due to High's failure to obtain consent from the defendants or leave from the court. In October 2018, the district court dismissed High's claims with prejudice for the reasons set out in the defendants' motion to dismiss. High now appeals.

II.

We review a district court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction *de novo*. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005). Dismissal on this basis is appropriate if the plaintiff lacks standing or if the claims asserted are barred by a state's sovereign immunity. *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009); *Meyers*, 410 F.3d at 240. When a Rule 12(b)(1) challenge is raised alongside other Rule 12 challenges, the court should address the Rule 12(b)(1) issues before reaching the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A Rule 12(b)(6) dismissal for failure to state a claim is also reviewed *de novo*. *Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013). We accept the well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* While "pro se complaints are held to less

No. 18-11461

stringent standards than formal pleadings drafted by lawyers," conclusory allegations will not defeat a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A district court may properly dismiss a claim when the plaintiff has not alleged any set of facts that would plausibly entitle him to relief. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff must plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

## III.

Liberally construed, High's brief on appeal challenges all three of the district court's grounds for dismissing his claims: (1) that he lacks standing to sue; (2) that state sovereign immunity bars at least some of his claims; and (3) that any remaining claims are not adequately alleged.[2]

## A.

To establish standing, "the plaintiff must demonstrate injury in fact that is fairly traceable to the defendant's conduct and that would be redressed by a favorable judicial decision." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 396 (5th Cir. 2015). The party seeking to invoke federal jurisdiction bears the burden of establishing these elements. *Little*, 575 F.3d at 540. "At the pleading stage, allegations of injury are liberally construed," but allegations of conjectural or hypothetical injury are not sufficient to establish standing. *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344–46, 350 (2006)). Importantly, if "the injury's existence depends on the decisions of third parties not before the court," it is conjectural or hypothetical and does not establish standing. *Id.*

---

[2] High also complains that Assistant Attorney General Dominique Stafford, who appeared on behalf of the defendants, is not properly admitted before the Northern District of Texas. However, pursuant to the local rules in the Northern District of Texas, "an attorney appearing on behalf of . . . the Attorney General of the State of Texas" who is otherwise eligible to appear is exempt from applying for admission pro hac vice. N.D. Tex. Civ. R. 83.11.

No. 18-11461

In his brief on appeal, High emphasizes that he has sued Karbhari, Cawthon, and Kerley in their individual capacities as well as their official capacities.  To have standing to proceed against these defendants individually, High was required to allege facts tending to establish that his injuries are fairly traceable to misconduct engaged in by these specific defendants.  *See NiGen Biotech*, 804 F.3d at 396; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  High's pleadings do not mention either Cawthon or Kerley by name, so he has failed to adequately plead that he has standing to sue these individuals.  In addition, the only specific allegation High directs at Karbhari is that Karbhari "assigned the investigation of [High's] complaint to the Director of [Legal Affairs]."  High does not explain how this act is "fairly traceable" to any of his alleged injuries.  Instead, the attachment to his complaint makes clear that the existence of the injuries he complains of "depends on the decisions of third parties not before the court," such as his professors and other university employees.  *Little*, 575 F.3d at 540.  Accordingly, the district court did not err in finding that High "fail[ed] to allege any facts tending to demonstrate that he has standing to sue" Karbhari, Cawthon, and Kerley individually.  High's claims against the defendants in their individual capacities were properly dismissed.

B.

High has also sued Karbhari, Cawthon, and Kerley in their official capacities as representatives of UT Arlington.  Because UT Arlington is a state university, High's suit is thus treated as a suit against the State of Texas and is therefore subject to the bar of state sovereign immunity.  *See Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008).  "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it."  *NiGen Biotech*, 804 F.3d at 393–94

No. 18-11461

(quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)); *see also* U.S. Const. amend. XI.

In his pleadings, High attempts to state claims under an array of federal and state statutes and constitutional provisions, including the Fourth and Fourteenth Amendments to the U.S. Constitution, the Americans with Disabilities Act, the Family Educational Rights and Privacy Act, 42 U.S.C. § 1985, the Texas Education Code, and the Texas Penal Code. As the district court explained, High fails to plead facts indicating that his claims are not barred by sovereign immunity: he does not assert that the State of Texas has waived immunity from liability, nor does he state that Congress has expressly abrogated it. *See NiGen Biotech*, 804 F.3d at 393–94. Accordingly, High's claims are barred by sovereign immunity.

C.

To the extent High has alleged other claims not disposed of by our conclusions above, we agree that they are inadequately pleaded for the reasons set out by the district court. High has not pleaded any set of facts that would plausibly entitle him to relief or "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. Thus, the district court did not err in dismissing High's claims under Rule 12(b)(6).

IV.

For the reasons described, we AFFIRM the district court's judgment of dismissal.