# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50538
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2020

Lyle W. Cayce
Clerk

ANTHONY PRESCOTT,

Plaintiff-Appellant

v.

GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS; DAN PATRICK, Lieutenant Governor; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; DALE WAINWRIGHT, Texas Department of Criminal Justice Chairman; TEXAS COMMISSION ON JAIL STANDARDS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-957

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Anthony Prescott, Texas prisoner # 2174108, appeals the dismissal of his 42 U.S.C. § 1983 suit against Governor Greg Abbott, Lieutenant Governor Dan Patrick, the Texas Department of Criminal Justice, Chairman Dale Wainwright, and the Texas Commission on Jail Standards as frivolous. In the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit, he argued, inter alia, that prison officials and employees poisoned his food, conducted illegal surveillance and harassed him, and impeded his access to courts. Prescott originally filed his case in the Eastern District of Texas, but that district court severed the matter into five separate cases and transferred them to the appropriate districts.

We review the dismissal of an in forma pauperis complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Prescott argues that the district court erred in concluding that the defendants enjoyed immunity under the Eleventh Amendment because the American with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA) abrogate that immunity. However, Prescott has not shown that he is entitled to relief under the ADA and RA. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

In addition, Prescott also alleges that Abbott, Patrick, and Wainwright do not enjoy immunity because they: (1) conducted unlawful surveillance in order to obtain "unfair business advantage and access his proprietary business concepts" in violation of his constitutional rights; (2) implemented official and unofficial policies in the state prison systems, such as understaffing, that subjected Prescott to deliberate indifference and injury; (3) retaliated against Prescott for exercising his First Amendment right to access to courts; (4) subjected Prescott to harassment and threats; (5) deprived Prescott of untainted food; and (6) ignored Prescott's serious medical needs and requests for assistance.

No. 19-50538

These allegations of harassment, threats, deliberate indifference, impediments to accessing courts, and retaliation by Abbott, Patrick, and Wainwright are conclusory and speculative. Therefore, he fails to show that the district court abused its discretion in dismissing the claims as frivolous. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Spiller v. City of Texas City, Police Dept.,* 130 F.3d 162, 167 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To the extent Prescott argues that Abbott, Patrick, and Wainwright are liable for actions of their subordinates, supervisory officials may not be found vicariously liable under § 1983 for such actions. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978); *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015).

Finally, Prescott argues that the district court erred in not allowing him an opportunity to amend his complaint or provide a definite statement of his factual allegations. Prescott failed to file an amended notice of appeal after the district court denied his postjudgment motion to amend. We lack jurisdiction to consider this claim, and as to this claim the appeal is dismissed. *See Fiess v. State Farm Lloyds*, 392 F.3d 802, 806-07 (5th Cir. 2004).

The dismissal of this action by the district court as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See* § 1915(g). Prescott is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED IN PART; DISMISSED IN PART; SANCTION WARNING ISSUED.