# United States Court of Appeals
# for the Fifth Circuit

────────────

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2021

Lyle W. Cayce
Clerk

No. 20-20226
Summary Calendar

────────────

Ellie Weiser,

*Plaintiff—Appellant*,

*versus*

Conroe Regional Medical Center,

*Defendant—Appellee*.

─────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
UCDC No. 4:19-CV-3211

─────────────────────────

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Ellie Weiser appeals the decision of the district court dismissing her case because it was untimely filed. For the following reasons, we affirm.

────────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20226

## I.

Weiser was a nurse who worked for Defendant-Appellee Conroe Regional Medical Center ("Conroe") for three and one-half years. Weiser suffered a heart attack while working for Conroe, and her doctors gave her restrictions to return to work with "no exertion greater than 50 lbs." Because Weiser was only six months from retirement, she requested that she be assigned as an Admissions Tech while the prior Admissions Tech was on maternity leave. Conroe refused, telling Weiser that she could work only as a "floater."

Weiser's physician wrote a note to Conroe, asking it to allow Weiser to return to work as a Registered Nurse with the above-mentioned exertion restriction. Conroe denied Weiser this position. Weiser then filed a claim with the Equal Employment Opportunity Commission ("EEOC") claiming violation of the Americans with Disabilities Act ("ADA"), and the EEOC sent Weiser a Notice of Right to Sue on May 28, 2019.

After filing her claim with the EEOC, Weiser filed this lawsuit, naming Amy Dickerson as the plaintiff and MD Anderson as the defendant and claiming age discrimination. She filed it on August 26, 2019, which was within the requisite ninety days of her receipt of the EEOC Notice of Right to Sue. After realizing that she had filed her lawsuit naming the wrong parties, Weiser moved to amend her Complaint to reflect the correct parties. That was on November 22, 2019, almost three months after the deadline to file suit had passed.

Conroe moved to dismiss the Amended Complaint, and the district court granted that motion on March 29, 2020, reasoning that the Amended Complaint did not relate back to the Complaint and that the lawsuit was therefore untimely filed. Weiser timely appealed.

No. 20-20226

## II.

We have jurisdiction over the timely appeal of the district court's final judgment pursuant to 28 U.S.C. § 1291. We review a district court's grant of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss *de novo*.[1]

## III.

As an initial matter, there is no question that the Amended Complaint does not relate back to the Complaint. It is thus irrelevant whether the Complaint was timely filed. The Complaint listed completely different parties and an entirely different claim, *viz.*, age discrimination. It did not arise "out of the conduct, transaction, or occurrence" as the "original pleading."[2] The district court was thus correct in concluding that the Amended Complaint did not relate back to the Complaint.

Weiser asserts on appeal that her attorney, Ellen Sprovach, filed this lawsuit listing the correct parties on August 26, 2019, within the requisite ninety days for filing her lawsuit. As support, she cites a record containing a Notice of Electronic Filing entered on August 26, 2019, which lists the correct parties. This Notice was sent to Sprovach's email, but there is no indication that it was ever sent to Conroe or its counsel.

Weiser's contention is unavailing. She fails to identify any "notice" that Conroe received. Weiser offers no proof that she filed the correct lawsuit within the requisite time other than directing us to a record, *i.e.*, the "Metadata," which contains no indication of the correct parties or correct content. The only other record showing that she could have filed the correct

---

[1] *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020).

[2] FED. R. CIV. P. 15(c)(1)(B).

lawsuit is a Notice of Electronic Filing, with no indication that it was ever sent to Conroe.

Conroe persuasively argues that it was *Weiser* who was on notice of the incorrect filing, because the district court entered an Order for Conference and an Order for Disclosure, then held an initial pre-trial conference, all of which Sprovach failed to respond to and at which she did not appear or object to the incorrect party names or the factual representations. Weiser does not direct us to any authority requiring us to construe her Amended Complaint as timely because of an alleged filing error, and we are not at liberty to create such law.

Weiser further contends that there was an error in the electronic system (PACER), which originally included the names of the correct parties, but that the "attachment" (which we assume is the docket sheet) listed the wrong party names. According to Weiser, Conroe's "Metadata" showed that the correct party names were in PACER as of August 26, 2019. Weiser, without proof, assumes that a clerk at the courthouse changed the party names after she allegedly filed the lawsuit with the correct party names and that the clerk did not contact Weiser afterward.

A mistake in the caption of the pleading—or in the entire content of the pleading, for that matter—is not enough to overcome the strict ninety-day window for filing a lawsuit under the ADA.[3] The fact that counsel was at fault for filing the incorrect lawsuit is no excuse. Had the mistake simply been a misnomer, we might conclude differently.[4] But this mistake was more than

---

[3]*See Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired.").

[4] *Cf. Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1146-47 (5th Cir. 1970) (allowing relation back where the allegation of the name of the party was simply a misnomer).

misnaming the parties: It included an entirely different set of factual allegations.

In sum, because Weiser did not timely file her ADA lawsuit, *i.e.*, within the requisite ninety-day window of receipt of the EEOC Notice of Right to Sue, the district court was correct in dismissing her lawsuit under Rule 12(b)(6).

We AFFIRM the district court's judgment.