# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2022

Lyle W. Cayce
Clerk

No. 22-20044

Nachaiya Kama,

*Plaintiff—Appellant*,

*versus*

Memorial Hermann Health Systems;
TIRR Memorial Hermann,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-4682

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

Nachaiya Kama was hired by Memorial Hermann Health System in October 2017 and received numerous disciplinary actions for poor performance and unprofessional behavior. After being fired, Kama alleged that her supervisor sexually assaulted her both before and immediately after

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

she began employment. She sued her former employer, claiming assault and battery, sexual harassment, race discrimination, and retaliation. The district court, after an oral hearing, granted Memorial Hermann's motion for summary judgment. Kama appeals *pro se*, and this court affirms.[1]

Memorial Hermann Health System cannot be held liable under Kama's assault and battery claim. As the district court noted, "[i]n order for the plaintiff to prevail on her tort-based sexual assault/harassment claim, she must establish [that] the assault that McLeod allegedly committed occurred while he was acting within his authority, in furtherance of his employer's . . . business . . . ." Kama does not contend that the alleged assault was within the scope of McLeod's employment. Consequently, Memorial Hermann cannot be held liable for McLeod's intentional tort.

The District Court properly granted summary judgment on the sexual harassment claim. To prevail under Title VII, the plaintiff must show that "(1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). McLeod, though a "supervisor," had no power to hire or fire Kama and is therefore treated as a coworker for Title VII purposes, thus, his alleged assault cannot be imputed directly to the employer, though it is subject to the coworker harassment

---

[1] Kama filed her Notice of Appeal 45 days after the district court entered its Final Judgment, which would ordinarily make the appeal untimely. FED. R. APP. P. 4(a)(1)(A). However, this court construes Kama's motions to retain the case on the docket as a Rule 59(e) motion to alter or amend the judgement, which moves back the deadline. FED. R. APP. P. 4(a)(4)(A).

standards.  Assuming *arguendo* that she has met her other burdens, Kama has not created a material fact issue as to whether Memorial Hermann knew or should have known of McLeod's alleged misconduct.  Although Kama claimed that she informed a clinical nurse manager (not in her unit) and several co-workers, she admits that she never reported it through Hermann Memorial's official channels.  She did not go to the Human Resources Department or to the police until March 2019, a month after she had been terminated.  Since the conduct was not "known to 'higher management' or to someone who ha[d] the power to take action to remedy the problem," Memorial Hermann is not liable.  *Sharp v. City of Houston*, 164 F.3d 923, 929 (5th Cir. 1999).

Kama's race discrimination claim also fails.  Individuals who pursue claims of discrimination under Title VII must first exhaust their administrative remedies.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."  *Id.* at 379.  But Kama did not assert race discrimination in her EEOC Charge, so she cannot bring this claim to federal court.

Neither can Kama prevail in her retaliation claim.  To survive summary judgment, a plaintiff must create a genuine issue of material fact that she was subject to an adverse employment action for engaging in a protected activity.  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496–97 (5th Cir. 2015).  She must also show that any non-retaliatory reason given for her dismissal was pretext.  *Septimus v. Univ. of Houston*, 399 F.3d 601, 607–08 (5th Cir. 2005).  Kama alleges that she was fired for opposing sexual harassment and sexual assault, but there is no evidence that she alerted Memorial Hermann that she had been sexually assaulted until after her termination.  Further, Kama has failed to show that Memorial Hermann's non-retaliatory rationale was pretextual.  On the contrary, the record shows

that she was fired after a long string of disciplinary actions involving a smorgasbord of misbehavior.

The district court correctly disposed of Kama's claims. The summary judgment is AFFIRMED.