# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10776
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 2, 2023

Lyle W. Cayce
Clerk

Candace Searcy,

*Plaintiff—Appellant*,

*versus*

Crowley Independent School District,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-647

_____

Before Davis, Ho, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Candace Searcy, proceeding *pro se* and *in forma pauperis*, filed suit against Crowley Independent School District ("CISD") alleging that CISD breached her employment contract, embezzled money, harassed and discriminated against her, and ultimately retaliated against her for reporting these issues to human resources.  To better understand

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Searcy's claims, the magistrate judge ordered Searcy to answer a question-naire.

Because Searcy proceeded *in forma pauperis*, the magistrate judge reviewed the sufficiency of her complaint under 28 U.S.C. § 1915(e)(2)(B). As part of that review, the magistrate judge construed Searcy's claims of discrimination and retaliation as falling under the purview of Title VII and its state counterpart, Chapter 21 of the Texas Labor Code, and recommended that these claims be dismissed for failure to exhaust administrative remedies. The magistrate judge also recommended that supplemental jurisdiction over Searcy's state-law claims should be declined. The district court adopted these recommendations and dismissed Searcy's complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Searcy timely appealed.

We review a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) *de novo*.[1] In determining whether the complaint fails to state a claim, we "us[e] the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6)."[2]

The district court did not err in dismissing Searcy's complaint for failure to state a claim based on failure to exhaust administrative remedies.[3] "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court."[4] Exhaustion requires the

---

[1] *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

[2] *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citation omitted).

[3] *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996) (dismissing a plaintiff's complaint for failure to exhaust administrative remedies because the plaintiff "did not file a disability discrimination charge with the EEOC or with a state or local agency" and therefore did not receive a right-to-sue letter).

[4] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).

No. 23-10776

plaintiff to file "a timely charge with the EEOC and receive[] a statutory notice of right to sue."[5]

On appeal, Searcy for the first time requests a default judgment of $20,000 in damages for the "federal crimes" of embezzlement and breach of contract. However, she fails to brief any argument challenging the district court's determination that she failed to exhaust her administrative remedies or the court's refusal to exercise supplemental jurisdiction over her state-law claims.[6] At most, Searcy asserts that she filed a charge of discrimination with the Texas Workforce Commission and with the Equal Employment Opportunity Commission, but she does not address whether she has received a right-to-sue letter from either agency. Thus, because Searcy does not address many of the district court's findings it "is the same as if [s]he had not appealed that judgment."[7]

Accordingly, we AFFIRM the judgment of the district court.

_____

[5] *Id.* (citation omitted). This Court, in applying Texas law, has held that failure to receive a Texas Workforce Commission right-to-sue letter is a condition precedent, not a jurisdictional prerequisite to filing suit. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014).

[6] *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (requiring even *pro se* litigants to brief arguments in order to maintain them).

[7] *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).