# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10721
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2023

Lyle W. Cayce
Clerk

Joyce Pipkins,

*Plaintiff—Appellant*,

*versus*

Grand Prairie Police Department; NFN Patterson,
*Officer*; David Hunter, *Officer*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2879

———————————————————————

Before Stewart, Clement, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Joyce Pipkins moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of her pro se civil complaint. Her complaint, as clarified by her answers to the district court's interrogatories, raised claims against the defendants under 42 U.S.C. §§ 1983 and 1985 for violating and conspiring to violate her civil rights, as well as under Texas

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10721

Family Code § 52.02, 18 U.S.C. § 242, and the United States and Texas Constitutions.

In her IFP motion and appellate brief, Pipkins argues that the district court erred by failing to apply less stringent standards to her complaint due to her pro se status and by applying the more stringent standard of Federal Rule of Civil Procedure 12(b)(6), rather than 28 U.S.C. § 1915. However, she fails to raise a nonfrivolous issue, as these arguments misrepresent the record and misstate the applicable law. *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Regarding her federal law claims, Pipkins contends that her claims alleging the denial of equal protection and due process are supported by the facts specifically pleaded in the complaint. This conclusory contention does not raise a nonfrivolous issue because it does not address the district court's specific reasons for determining that she failed to state a claim under § 1983 and § 1985, nor does it specify which facts in her complaint would otherwise support a due process or equal protection claim. Thus, Pipkins has abandoned any challenge to the district court's determinations regarding her federal law claims. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Finally, Pipkins contends that her complaint raised substantial disputed federal issues and thus the district court had jurisdiction over her state law claims. However, because she has not demonstrated any error in the district court's dismissal of her federal claims, she has not presented a nonfrivolous issue that this matter justified departure from the general rule requiring dismissal of pendent state law claims. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

No. 23-10721

Because Pipkins fails to show that her appeal raises a nonfrivolous issue, her motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 5TH CIR. R. 42.2.